695 So.2d 553 (1997)
In re Medical Review Panel for the CLAIM OF Rosyln and Manny ARON.
No. 96-CA-2665.
Court of Appeal of Louisiana, Fourth Circuit.
May 21, 1997.
*554 John E. Morton, Maria Losavio, Fuhrer, Flournoy, Hunter & Morton, Alexandria, for Plaintiffs-Appellants.
Gregory C. Weiss, Ann Marie LeBlanc, Weiss & Eason, L.L.P., New Orleans, for Defendant-Appellee.
Before SCHOTT, CIACCIO and PLOTKIN, JJ.
PLOTKIN, Judge.
Plaintiff Rosalyn Aron appeals a trial court judgment dismissing her medical malpractice action against Tulane University Medical Center (TUMC) on an exception of prescription. We affirm.

Facts
On May 17, 1991, Ms. Aron sought treatment from TUMC, complaining of right-sided hearing loss, instability, and fullness which had originated four years earlier and had increased in severity over time. She was *555 diagnosed with a right-sided acoustic neuroma, as well as a medullary cyst of the fourth ventricle. Dr. Charles Brent performed two operations on Ms. Aron, the first on May 29, 1991, to remove the acoustic neuroma; the second on May 31, 1991, to remove the medullary cyst. During the first surgery, two additional meningiomas were discovered, which were removed in the second surgery. After surgery, Ms. Aron suffered pneumonia and swelling which required the draining of fluid.
After recovery and rehabilitation, Ms. Aron complained of facial weakness, double vision, tinnitus, and right-sided discomfort in her head, and was diagnosed with residual neurological deficits related to the surgery. She later complained of depression and oscillopsia, and was again diagnosed with neurological deficits secondary to the surgeries.
On June 2, 1995, Ms. Aron filed a complaint with the Patient's Compensation Fund. On July 8, 1996, TUMC filed an exception of prescription/peremption. The trial court granted the exception of prescription, but did not rule on the exception of peremption. Ms. Aron has appealed the granting of the exception of prescription. In addition to opposing Ms. Aron's appeal on the prescription issue, TUMC has filed an exception of peremption in this court, as allowed by La. C.C.P. art. 2163.
Prescription in a medical malpractice action is controlled by LSA-R.S. 9:5628, which provides as follows:
A. No action for damages for injury or death against any physician, chiropractor, nurse, licensed midwife practitioner, dentist, psychologist, optometrist, hospital duly licensed under the laws of this state, or community blood center or tissue bank as defined in R.S. 40:1299.41(A), whether based upon tort, or breach of contract, or otherwise, arising out of patient care shall be brought unless filed within one year from the date of the alleged act, omission or neglect or within one year from the date of discovery of the alleged act, omission or neglect; however, even as to claims filed within one year from the date of such discovery, in all events such claims shall be filed at the latest within a period of three years from the date of the alleged act, omission or neglect.
B. The provisions of this Section shall apply to all persons whether or not infirm or under disability of any kind and including minors and interdicts.
In the instant case, the trial court found that Ms. Aron's suit against TUMC was prescribed "under the one year prescriptive period" established by the above statute. Because the trial court failed to supply reasons for judgment, we are unable to determine whether the trial court found that the one-year prescriptive period began to run on the date of the surgery, or on the date of discovery at some point after the surgery. TUMC claims that the one-year prescriptive period began to run on the date of the surgery, May 29, 1991. Ms. Aron contends, on the other hand, that prescription did not begin to run until August 17, 1994, when a physician reviewed her hospital records and specifically stated that the surgery was improperly performed. Because the suit was filed within one year of August 17, 1994, it was timely filed within one year of the date of discovery, Ms. Aron concludes. Additionally, TUMC claims that even if Ms. Aron's claim is correct and she did not discover the alleged malpractice until August 17, 1994, the suit is preempted because it was not filed within the three-year period established by the last sentence of LSA-R.S. 9:5628(A). Because the trial court ruling is based on the one-year prescriptive period, Ms. Aron claims that this court should not even consider whether her suit is barred by the three-year statutory period.[1]
However, under the facts of this case, consideration of TUMC's exception of "peremption" is unnecessary, because the trial court properly granted TUMC's exception of prescription of one year established by LSA-R.S. 9:5628. The record shows that, following *556 surgery, recovery, and rehabilitation, Ms. Aron complained of and sought treatment for several neurological deficits. In March 1992, Dr. Augustin Castellanos of the Palm Beach Neurological Group reviewed her medical records and opined that the surgeries left her with some residual neurological deficits. In October 1993, Dr. Stanley van den Noort of the Department of Neurology, University of California, Irvine, examined Ms. Aron and opined that her complaints were probably all secondary to her acoustic neuroma surgery. In August 1994, Dr. John F. Alksne, Head of Neurosurgery, University of California, San Diego, indicated that he believed Ms. Aron's symptoms were related to the sequelae of her surgery. Based on this evidence, it is clear that more than one year prior to Ms. Aron's complaint to the Patient Compensation Fund, she had sufficient information to excite attention and prompt further inquiry. The trial judge did not err in finding on the basis of this record that Ms. Aron's delay in bringing her claim was unreasonable and that the action is therefore prescribed.
Nevertheless, Ms. Aron claims contra non valentem should operate to suspend the prescriptive period in the instant case because Dr. Brent concealed her cause of action by failing to fully inform her of the procedures he would utilize and the risks of those procedures. Ms. Aron contends that she could not be expected to know of her malpractice claims until she was informed by a physician of the possibility that Dr. Brent had improperly performed the surgeries. However, this contention is contrary to the jurisprudence, which has refused to impose a requirement that a patient be informed by an attorney or physician of possible malpractice before prescription begins to run. See, e.g., Taylor v. Giddens, 607 So.2d 878, 882 (La. App. 2d Cir.1992), aff'd in part and rev'd in part, 618 So.2d 834 (La.1993).
Under the doctrine of contra non valentem, courts dispense with prescription in the interests of justice under special circumstances. See La. C.C. art. 3467 cmt. (d); see also Hyman v. Hibernia Bank & Trust Co., 139 La. 411, 71 So. 598, 606 (1916) ("No law was ever enacted which contemplated the defeat of its purposes by fraud, and no court was ever organized which would knowingly permit a litigant to profit by his wrong.") Four "exceptional circumstances" have been gathered under the medieval rubric contra non valentem by Louisiana courts, which list has been treated as exhaustive although sometimes broadly construed. The third and fourth exceptional circumstances are as follows:
... (3) Where the debtor himself has done some act effectually to prevent the creditor from availing himself of his cause of action.
Modern jurisprudence also recognizes a fourth type of situation where contra non valentem applies so that prescription does not run: Where the cause of action is not known or reasonably knowable by the plaintiff, even though his ignorance is not induced by the defendant. (This principle will not except the plaintiff's claim from the running of prescription if his ignorance is attributable to his own willfulness or neglect; that is, a plaintiff will be deemed to know what he could by reasonable diligence have learned).
Corsey v. State, Through Dept. of Corrections, 375 So.2d 1319, 1321-22 (La.1979) (footnote, citations, and emphasis omitted).
However, the Louisiana Supreme Court has previously decided that the discovery rule embodied in the fourth contra non valentem exception does not apply to suspend prescription when three years have passed between the act, omission, or neglect giving rise to the medical malpractice action and the filing of suit. Crier v. Whitecloud, 496 So.2d 305, 307 (La.1986). See also Whitnell v. Silverman, 95-0112 p. 2 n. 3 (La.12/6/96), 686 So.2d 23, 32 n. 3 (Lemmon, J., dissenting). Within the three year peremptive period, the fourth contra non valentem exception will not suspend the one year prescriptive period when the causal connection between treatment and the injury was reasonably knowable. Fontenot v. ABC Ins. Co., 95-1707, p. 8 (La.6/7/96), 674 So.2d 960, 964. Ignorance or misunderstanding of the probable extent or duration of the injury materially differs from ignorance of actionable harm which delays commencement of prescription. Id.
Although the Louisiana Supreme Court has often failed to declare whether the third contra non valentem exception applies, as in Rajnowski v. St. Patrick's Hospital, 564 *557 So.2d 671 (La.1990), that court has indicated that a physician's conduct must rise to the level of concealment, misrepresentation, fraud, or ill practices under this exception. Fontenot, supra at p. 6, 674 So.2d at p. 963. Assuming that the third category of contra non valentem does apply, there are no facts or circumstances in the record to suggest that Dr. Brent or TUMC's conduct rose to the level of concealment, misrepresentation, fraud or ill practices.
Moreover, we find no error in the trial judge's determination that Ms. Aron's delay in bringing this action for medical malpractice was not reasonable because she had sufficient information, in the form of the opinions of several physicians who examined and reviewed her medical records, to apprehend the causal connection between her complaints and the surgery performed by Dr. Brent. Because the record is complete on the prescription issue and Ms. Aron has alleged no evidence which could resurrect her action, we decline to remand for amendment.
For the foregoing reasons, the judgment granting the TUMC's exception of prescription is affirmed. Costs of this appeal are assessed to Ms. Aron.
AFFIRMED.
NOTES
[1] Both parties refer to the three-year period established by the last sentence of LSA R.S. 9:5628 as a "peremptive" period; however, the Louisiana Supreme Court has found that the statute "is a prescriptive statute." Crier v. Whitecloud, 496 So.2d 305, 307 (La.1986), citing Hebert v. Doctors Memorial Hospital, 486 So.2d 717 (La.1986).