PAUL A. BONIN, Judge.
Kathleen Bosarge filed a second request for review by a medical review panel of her malpractice claim against DePaul/Tulane Behavioral Healthcare Center with the Louisiana Patient’s Compensation Fund (PCF). Prior to the completion of the proceedings before a medical review panel, DePaul/Tulane filed an exception of prescription in the district court. See La. R.S. 40:1299.47 B(2)(a)[1] and La. C.C.P. art. 927 A(1). The trial court denied the exception and DePaul/Tulane sought a supervisory writ from this court, which was denied. In re: Medical Review Panel Proceedings For the Claim of Mary Bosarge, 2009-1345 (La.App. 4 Cir. 11/18/2009) (unpub.). DePaul/Tulane then sought supervisory writs from the Louisiana Supreme Court, which granted the writ and remanded the matter to us for full briefing, oral argument, and opinion. In re: Medical Review Panel Proceedings For the Claim of Mary Bosarge, 09-2710 (La.3/26/10), 29 So.3d 1257. Having complied with the remand instructions, we find that the exception of prescription is well-founded and, for the reasons which follow, we reverse the trial court judgment, render judgment in favor of DePaul/Tulane, and dismiss the claim with prejudice.
I
In this part we address the legal precepts governing our analysis of the exception of prescription.
A
“Liberative prescription is a mode of barring actions as a result of inaction for a period of time.” La. Civil Code art. 3447. “Prescription must be pleaded. Courts may not supply a plea of prescription.” La. Civil Code art. 3452. Prescription is an objection raised by peremptory exception. La. C.C.P. art. 927 A(l). “[P]rescriptive statutes are strictly construed against prescription....” Carter v. Haygood, 04-0646, p. 10 (La.1/19/05), 892 So.2d 1261, 1268.
The prescriptive period applicable to this medical malpractice claim is set forth in La. R.S. 9:5628 A:
No action for damages for injury or death against any ... hospital, ... as *793 defined in R.S. 40:1299.41(A), whether based upon tort, or breach of contract, or otherwise, arising out of patient care shall be brought unless filed within one year from the date of the alleged act, omission, or neglect, or within one year from the date of discovery of the alleged act, omission, or neglect; however, even as to claims filed within one year from the date of discovery, in all events such claims shall be filed within a period of three years from the date of the alleged act, omission, or neglect, (emphasis supplied)
The timely filing and pendency of the request for a review of a malpractice claim suspends the time within which suit must be instituted. La. R.S. 40:1299.47 A(2)(a). See Thibodeaux v. Donnell, 08-2436 (La.5/5/09), 9 So.3d 120.[2] RHowever, the timely filing of a request for review of a malpractice claim, but without the timely payment of the filing fee, has no effect on the running of prescription on the claim. See La. R.S. 40:1299.47 A(1)(e) through (e); Medical Review Proceedings of Milton Berry, 09-0752 (La.App. 4 Cir. 1/27/10), 30 So.3d 251. See also Bosarge v. Louisiana Patient’s Compensation Fund, 08-1923 (LaApp. 1 Cir. 5/8/09), 16 So.3d 10 and Smart v. West Jefferson Medical Center, 09-366, p. 7 (La.App. 5 Cir. 11/24/09), 28 So.3d 1119, 1123 (“As the filing fees required by statute were not timely paid for the original malpractice claim and request for medical review panel, the request for review of the malpractice claim is invalid and without effect. That is, it has no effect on the running of prescription of the claim.”).
“On the trial of the peremptory exception pleaded at or prior to the trial of the case, evidence may be introduced to support or controvert any of the objections pleaded, when the grounds thereof do not appear from the petition.” La. C.C.P. art. 931. “The exceptor bears the burden of proof at the trial of the peremptory exception.” Berry, 09-0752 at p. 7, 30 So.3d at 256, citing Spott v. Otis Elevator Co., 601 So.2d 1355, 1361 (La.1992). If, however, the action is prescribed on its face, the patient bears the burden of showing that the action has not prescribed. LeBreton v. Rabito, 97-2221, p. 6 (La.7/8/98), 714 So.2d 1226, 1228, citing Wimberly v. Gatch, 93-2361 (La.4/11/94), 635 So.2d 206. Stated another way, the burden is upon the patient to prove that the filing was timely and that her claim is not barred by her inaction for a period of more than one year. See Campo v. Correa, 01-2707, pp. 9-10 (La.6/21/02), 828 So.2d 502, 509.
B
Ms. Bosarge submitted her second request, the timeliness of which is the issue before us now, to the PCF on February 23, 2005. The face of her request recited that Ms. Bosarge had been administered prescribed medications on October 23, 2003 and that on the morning of October 24, 2003 she was awakened by a hospital staff member. She declared that she was in an extremely drowsy state, because of the drugs she had been administered the night before. When she attempted to rise from her bed, she fell over and hit the floor and may have struck an object on the way down. She asserted that the DePaul/Tulane staff was negligent “in not ensuring she was capable of standing on her own in *794 light of the heavy medication that had been administered to her.” Because the request alleged the date of the last act or omission as October 24, 2003 and it did not allege a later “date of discovery of the alleged act, omission, or neglect,” her action was prescribed on its face. See La. R.S. 9:5628 A. See also Campo, supra, and LeBreton, supra.
Ms. Bosarge must therefore establish a “date of discovery” which is within the one-year period before the filing of her request for review. We consider then what constitutes “discovery” by a patient under La. R.S. 9:5628 A. The basic test is set out in Campo v. Correa, 01-2707 at p. 12, 828 So.2d at 510-511:
Prescription commences when a plaintiff obtains actual or constructive knowledge of facts indicating to a reasonable person that he or she is a victim of a tort ... Constructive knowledge is whatever notice is enough to excite attention and put the injured party on guard and call for inquiry. Such notice is tantamount to knowledge or notice of everything to which a reasonable inquiry may lead. Such information or knowledge as ought to reasonably put the alleged victim on inquiry is sufficient to start the running of prescription.
 According to this standard, the plaintiffs mere apprehension that something may be wrong is insufficient for prescription to begin running; the plaintiffs knowledge must rise to the level of constructive knowledge: either she knew or should have known through the exercise of reasonable diligence that her problem may have been caused by an act of malpractice. Prescription will not run if it was reasonable for the plaintiff not to recognize that the condition might be related to the treatment. In such an inquiry, the ultimate issue is the reasonableness of the plaintiffs action or inaction, in light of her education, intelligence, the severity of the symptoms, and the nature of the defendant’s conduct. Id. at 511, citing Griffin v. Kinberger, 507 So.2d 821 (La.1987).
Prescription commences and continues when a plaintiff obtains actual or constructive knowledge of facts indicating to a reasonable person that he or she is a victim of a tort. Griffin v. Kinberger, supra. The test for determining a plaintiffs knowledge turns on her reasonableness, whether a cause of action was reasonably “knowable” by a plaintiff. Claim of Dede, 98-2248, p. 4 (La.App. 4 Cir. 12/2/98), 729 So.2d 603, 606. The plaintiff need not be informed by an attorney or physician of the possibility of malpractice before prescription begins to run. Claim of Aron, 96-2665 (La.App. 4 Cir. 5/21/97), 695 So.2d 553, 556.
II
In this part we address the specifics of Ms. Bosarge’s proof of a “date of discovery” that would not result in barring her claim.
Ms. Bosarge argued in the trial court and in this court that she did not discover sufficient facts until she received her medical records from DePaul/Tulane. Her receipt of her medical records, she reports in argument, was after she filed this second request. At the trial of the exception, we specially note, |6Ms. Bosarge did not introduce her medical records to support and demonstrate what she discovered about her cause of action in them that she did not know as early as October 19, 2004, the date on which she first filed a request identical to the one now under our consideration. In fact, Ms. Bosarge introduced no evidence at the trial of the exception and relied exclusively on her argument.
We were previously presented with a comparable situation in Marino v. Tenet *795 Healthsystem Medical Center, 09-915 (La. App. 4 Cir. 11/24/09), 26 So.3d 297. There the trial judge had found a date of discovery which was more than one year prior to the patient’s request for review. The patient argued that she had not yet discovered facts to establish malpractice, despite having filed her request more than a year earlier; she nonetheless contended that her filing was timely because it was within the three-year outside limitation. We, however, noted
Ms. Marino never gained any further knowledge about her condition and its connection to her treatment after 2006; she admits that the concern that she had ... was the same in 2008 as it was in 2006. Moreover, she has never identified what she might have learned during that period that would more clearly demonstrate that her condition was related to medical malpractice.
Marino, 09-915 at p. 7, 26 So.3d at 301.
Ms. Bosarge’s arguments did at least persuade the trial judge that the date of discovery was “murky.”[3] In reviewing a peremptory exception of prescription, a reviewing court will not disturb the factual conclusions of the trial court unless they are manifestly erroneous. Davis v. Hibernia National Bank, 98-1164, p. 2 (La.App. 4 Cir. 2/24/99), 732 So.2d 61, 63. We review the trial court’s ruling under the manifest error or clearly wrong standard, in which the trial court will not be 17reversed in the absence of clear error. The relevant issue in a manifest error inquiry is not whether the finder of fact was right or wrong, but whether its decision was a reasonable one. Rosell v. ESCO, 549 So.2d 840, 844 (La.1989); Turnbull v. Thensted, 99-0025, p. 5 (La. App. 4 Cir. 3/1/00), 757 So.2d 145, 149. See also Marino, 09-915 at p. 3-4, 26 So.3d at 299.
We do not have a factual finding by the trial court as to Ms. Bosarge’s “date of discovery.” We are persuaded by the argument of DePaul/Tulane that, based upon Ms. Bosarge’s description of her injuries and her attribution to the negligence of the hospital staff in her request for review, and in the absence of evidence to show that such knowledge was first acquired by her after February 22, 2004, her claim is barred by prescription. In other words, we find that Ms. Bosarge failed to carry her burden of proving that her claim was not barred.
DECREE
Accordingly, we hereby reverse the trial court’s judgment denying the exception of prescription, and we render judgment in favor of DePaul/Tulane Behavioral Health Center and against Kathleen Bosarge and Delmas Bosarge, Jr., dismissing their claims with prejudice at their costs. See La. C.C.P. arts. 927 A(1), 934, 1673, and 2164.
REVERSED AND RENDERED.

. La. R.S. 40:1299.47 B(2)(a) provides: "A health care provider, against whom a claim has been filed under the provisions of this Part, may raise any exceptions or defenses pursuant to R.S. 9:5628 in a court of competent jurisdiction and proper venue at any time without need for completion of the review process by the medical review panel.”

. But also see Borel v. Young, 07-0419, p. 27 (La.7/1/08), 989 So.2d 42, 68 (“[T]he specific provisions of the Medical Malpractice Act regarding the suspension of prescription against joint tortfeasors apply to the exclusion of the general code article on interruption of prescription against joint tortfeasors, LSA-C.C. 2324(C).”), and Richard v. Tenet Health Systems, Inc., 03-1933, p. 3 n. 1 (La.App. 4 Cir. 4/14/04),-871 So.2d 671, 673 n. 1.

. When we first considered this application, we deferred to the trial judge. At oral argument we learned that since our initial denial, nothing further had been done in the trial court to clarify the murkiness with evidence.