**MARY HOTARD BECNEL**     \*       **NO. 2025-CA-0522**
**AND BRADLEY D. BECNEL**

                            \*

**VERSUS**                       **COURT OF APPEAL**

                            \*

**JENNIFER SALAS, WIFE**       **FOURTH CIRCUIT**
**OF/AND CAMILO SALAS**       \*

                           **STATE OF LOUISIANA**

                \* \* \* \* \* \* \*

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2024-10592, DIVISION "J"
Honorable D. Nicole Sheppard
\* \* \* \* \* \*
**Chief Judge Roland L. Belsome**
\* \* \* \* \* \*

(Court composed of Chief Judge Roland L. Belsome, Judge Tiffany Gautier Chase, Judge Dale N. Atkins)

**Chase, J., concurs in the result.**
**Atkins, J., concurs in the result.**

Kevin P. Klibert
425 W. Airline Hwy.
Suite B
LaPlace, LA 70068

      COUNSEL FOR PLAINTIFF/APPELLEE

Camilo K. Salas, III
SALAS & CO., L.C.
1206 Second Street
New Orleans, LA 70130

      COUNSEL FOR DEFENDANT/APPELLANT

      ***AFFIRMED IN PART, REVERSED IN PART AND REMANDED***
                                     ***February 18, 2026***

RLB        This case comes to the court on the denial of appellants' petition for an injunction to stop a seizure and sale by executory process.  Appellants argue that the debt on which the suit is based is prescribed.  The trial court rejected that argument.  For reasons that follow, we affirm that judgment in part, modify it in part and remand with instructions.

*Prior proceedings*

This is the third lawsuit between these parties. The suits all relate to collection of an alleged debt represented by a promissory note (the "Note") in the amount of $504,020.90 made by Camilo and Jennifer Salas, collectively "Appellants".  The payees on the Note are Brad and Mary Becnel, collectively, "Appellees".  All three lawsuits between these parties were filed in Civil District Court for the Parish of Orleans.  They bore docket numbers 2017-3499 (the "First Suit"); 2019-10087 (the "Second Suit"); and 2024-10592 (the "Current Suit").[1]

The First Suit was voluntarily dismissed by Appellees before any appearance was made.  The Second Suit was dismissed based on abandonment.  The record does not disclose whether any appearance was made by Appellants in

_____

[1] Appellees filed the First Suit for default on April 12, 2017.  The Second Suit was filed on November 7, 2018. The Current suit was filed on November 20, 2024.

1

the Second Suit. All three suits sought acceleration[2] of the entire indebtedness due on the note.

In the Current Suit by executory process, Appellees prayed for seizure and sale of the home that is mortgaged as security for payment of the Note. Appellant filed a petition to enjoin the seizure and sale and prayed for a declaratory judgment cancelling the mortgage that secured the Note. In support of the injunction demand, Appellants argued that the Note is prescribed and that executory process is not available to Appellees because they failed to attach a notice of default to their petition for executory process. Appellant's injunction and declaratory judgment demands were heard on May 28, 2025. On June 10, 2025, the trial court issued its judgment denying both forms of relief.

*Facts*

The central legal determination to be made in this case is whether the debt represented by the promissory note is prescribed. The key facts upon which we base our opinion follow.

On November 8, 2003, Appellants executed the Note in the amount of $504,020.90 to be repaid in monthly payments of $3,524.10 until December 1, 2038. On that date, Appellants are required to pay any amounts still due under the terms and conditions of the Note. At some time in 2015, Appellants began missing their monthly payments. Those delinquent payments were also made current sporadically. The First Suit and the Second Suit both alleged defaults in monthly payments as well as Appellants' failure to reimburse Appellee's payments of *ad valorem* property taxes on the Appellants' home.[3] The record reflects that the last

---

[2] The Second Suit does not recite a demand for acceleration but prays for payment of the balance of the Note, making it a *de facto* demand for acceleration.

2

regular payment by Appellants was made on August 19, 2019. The Current Suit was filed on November 20, 2024.

The Note is secured by a first mortgage on Appellants' home in New Orleans. The mortgage contains typical language permitting the lender to accelerate payments in the event of default. In addition, the mortgage contains a provision that allows the Borrower to resume monthly payment provisions by paying the amounts that were in default. In such a case, the mortgage provides that, "Upon reinstatement by Borrower, this Security Instrument and obligations secured hereby shall remain fully effective as if no acceleration had occurred." Such a deceleration does not require any formalities according to law or the mortgage instrument.

***Summary of Appellants' argument***

In the Current Suit, Appellants argue that Appellees accelerated the entire debt in both their previous lawsuits and that once accelerated, prescription begins to run on the entirety of the debt. Appellants rely on the five-year prescriptive period of La. C. C. art. 3498, which provides that:

> Actions on instruments, whether negotiable or not, and on promissory notes, whether negotiable or not, are subject to a liberative prescription of five years. This prescription commences to run from the day payment is exigible.

Appellants argue that prescription began to run on the entirety of the balance of the note when the First Suit was filed on April 12, 2017. Appellants argue further that neither the filing of the First Suit nor the Second Suit served to interrupt prescription by operation of law. La. C. C. art. 3463(B) states, in part, that, "Interruption is considered never to have occurred if the plaintiff abandons the suit,

---

[3] The Note gave Appellees' the right to pay Appellants' property tax and to demand reimbursement if Appellants did not pay the taxes promptly.

voluntarily dismisses the suit at any time either before the defendant has made any appearance of record or thereafter, or fails to prosecute the suit at the trial."

In addition to the prescription argument, Appellants argue that Appellees did not give appropriate notice of default before filing the Current Suit. The record of this case is replete with notices of default. Further, based on the decree below, this argument is moot.

***Standard of review***

When evidence is introduced at the trial of an exception of prescription, the appellate court "must review the entire record to determine whether the trial court manifestly erred with its factual conclusions." *Scott v. Zaheri*, 2014-0726, p. 8 (La. App. 4 Cir. 12/3/14), 157 So. 3d 779, 785. In the Current Case, evidence was presented. Therefore, we review this case using the manifest error standard.

***Discussion***

As we noted above, Appellants argue that Appellees accelerated the entirety of the debt remaining on the Note by the filing of the First and Second Lawsuits. Whether that acceleration continued in effect when the suit was voluntarily dismissed or abandoned is *res nova* in our circuit.

The First Circuit appears to be the only circuit that has addressed this question. It has held that voluntary dismissal or abandonment does not reverse the effect of acceleration by legal demand. In *Wells Fargo Bank Minnesota, Nat'l Ass'n v. Holoway*, 2018-1340 (La. App. 1 Cir. 5/24/19), 277 So. 3d 800, the holder of a note filed suit against the maker and accelerated the remaining balance. That suit was dismissed as abandoned. The holder filed a second suit more than five years after the first suit. The court held that the entire debt represented by the note was prescribed. The First Circuit reasoned that La. C. C. art. 3463(B) makes a positive

4

statement of law negating interruption of prescription upon dismissal for abandonment. The court found further that there is no concomitant positive statement of law that negates the effect of acceleration; therefore, the court held that the debt remained accelerated and the entire debt due under the note had prescribed. We disagree with that result and explain our reasons below.

In *Wells Fargo Fin. Louisiana, Inc. v. Galloway*, 2022-0457 (La. App. 4 Cir. 4/19/23), 382 So. 3d 208,[4] the lender sent the borrower a default letter indicating that the entire debt represented by the note might be accelerated. In response, the borrower, Galloway, attempted to make partial payments to cure the default. The lender returned the partial payments with a letter explaining that it would not accept less than the full amount of the delinquency. Shortly thereafter, the debtor filed a bankruptcy proceeding in which the debt on the note was listed on the bankruptcy schedule and was never contested in that proceeding. Wells-Fargo filed suit on the note more than five years after the Galloways' last payment and more than five years after the default letter. The Galloways argued that the default letter constituted an acceleration of the entire debt. As a result, the Galloways argued further, the entire debt represented by the note was prescribed. Wells-Fargo countered that the Galloways' failure to contest the debt in the bankruptcy proceeding constituted an acknowledgement of the debt. We held that the default letter and the return of the partial payments did not constitute an acceleration. That did not occur until the lawsuit for collection was filed. We also held that the filings in the bankruptcy court did not amount to an acknowledgment. As a result, we held that the entirety of the debt did not prescribe, but that those payments that

---

[4] This case is referred to in this opinion as Well Fargo-Galloway in order to avoid confusion with the Wells Fargo v. Holoway decision above.

would have been due more than five years before suit was filed were prescribed. This holding is in keeping with the general nature of a promissory note due in installments. The payments are conjunctive obligations as defined by La. C. C. art. 1807. That article specifically directs that "each item is regarded as the object of a separate obligation." As used in the article, an item equates to any single payment that becomes due under the terms and conditions of the note.

As noted above, La. C. C. art. 3463(B) makes it clear that interruption of *prescription* is deemed "never to have occurred" when a lawsuit is voluntarily dismissed or abandoned. However, the article leaves open the question of whether such lawsuits have any effect on *acceleration* of the debt. This question can be answered in two possible ways.

One possible answer, as Appellants argue, is that the entire debt under the note was accelerated when Appellees filed their First Suit (April 12, 2017) and the suit did not interrupt prescription. As we noted above, Appellants contend that dismissal of the lawsuit does not reverse the acceleration that would have occurred. Under this construction, the entirety of the Note would have prescribed on April 12, 2022.[5] The Current Suit was filed more than two years after April 12, 2022. The flaw in this analysis is that it allows the lawsuit to affect some legal rights (acceleration) and not others (prescription). This result is legally inconsistent and unfair.

We hold that a better analysis is suggested by the facts of this case and the general Civilian principles governing prescription. Prescription is always

---

[5] In this case, the Appellants' analysis is undercut by their own actions. Appellants resumed regular monthly payments after dismissal of the First Suit. Those payments constitute an acknowledgment as that term is defined by La. C. C. art. 3464. This is also consistent with the mortgage provision in this case that allows the parties to resume regular monthly payments by agreement, even after a default and acceleration.

6

disfavored in Louisiana jurisprudence. In *Scott v. Zaheri*, 2014-0726, p. 9 (La. App. 4 Cir. 12/3/14), 157 So. 3d 779, 785, this circuit reiterated that principle of law:

> The standard controlling our review of a peremptory exception of prescription also requires that we strictly construe the statutes against prescription and in favor of the claim that is said to be extinguished. *See Proctor's Landing Property Owners Ass'n, Inc. v. Leopold,* 11–0668, p. 10 (La.App. 4 Cir. 1/30/12); 83 So.3d 1199, 1206; *Bosarge v. DePaul/Tulane Behavioral Health Center,* 09–1345, p. 2 (La.App. 4 Cir. 5/19/10); 39 So.3d 790, 792.

Strict construction of La. C. C. art. 3463(B) against prescription dictates that a case dismissed under the conditions of the article should be treated *in all respects* as if it were never filed. This interpretation is supported by the Supreme Court doctrine espoused in *LeBlanc v. Travelers Indem. Co.*, 262 La. 403, 406, 263 So. 2d 337, 338 (La. 1972):

> A judgment of nonsuit, whether with or without reservation of the right to again sue upon the same cause of action, *decides nothing with respect to the merits of the claim* thus disposed of. Such a judgment merely leaves the situation, as to that cause of action, as if no suit had ever been filed upon it.

(internal citations omitted, emphasis added)

As we ruled in *Wells Fargo-Galloway*, a demand letter that sets forth the lender's right to accelerate does not, by itself, accelerate the entire debt under the note. While either of the two lawsuits filed by Appellees would have triggered an acceleration if they had been pursued to completion, both were terminated in a manner contemplated under article 3463. To the extent that a truncated litigation may have affected any rights of the parties, article 3463 leaves it to the courts to decide. Under the Supreme Court's view expressed in LeBlanc, prescription would toll as if the suit had not been filed and acceleration would be deemed never to have occurred. Article 3463 does not address acceleration, but the general view

7

expressed by the Supreme Court gives strong guidance on any other rights that might otherwise have been addressed in an aborted lawsuit. In this particular case, the object of both of Appellees' prior lawsuits was the collection of a debt. In neither case did the court or the parties take the necessary steps to achieve or defeat that objective. We choose to hold that a suit terminated in the manner contemplated by La. C. C. art. 3463(B) does not affect prescription or acceleration of the note. By strictly interpreting article 3463 against prescription, we maintain a right that would otherwise be lost to the holder of a promissory note. This holding is consistent with our opinion in *Wells Fargo-Galloway*, which permits piecemeal prescription of the conjunctive obligations under the note, and the tradition of Civilian law disfavoring prescription. It would also do substantial justice without doing damage to the expectations of the parties. Specifically, the Appellees expected to continue payments on the note until December 1, 2038, and Appellants expected to continue to receive those payments. This result honors all underlying purposes of prescriptive periods as described by the First Circuit in *Taylor v. Babin*, 2008-2063 (La. App. 1 Cir. 5/8/09), 13 So. 3d 633, 642:

> Prescription statutes are strictly construed against prescription and in favor of maintaining the cause of action. However, prescription statutes are intended to protect defendants against stale claims and the lack of notification of a formal claim within the prescriptive period.

(internal citations omitted).

In order to give full legal effect to the prescriptive period in article 3498 and the intent of article 3463, we must hold that all monthly payments that would have become due more than 5 years before November 20, 2024 (the date on which the

8

Current Suit was filed) are prescribed.[6] Any other payments due under the terms and conditions of the Note are preserved.

***Decree***

In keeping with the reasoning above, we affirm that portion of the trial court judgment that holds that the Note is not prescribed in its entirety. We reverse that portion of the judgment denying the injunction of the seizure and sale of the mortgaged property by executory process. The case is remanded to the trial court with an instruction to convert the matter to an ordinary proceeding in order to determine how much of the debt was outstanding as of November 20, 2019. We hold that portion of the debt is not prescribed.

***AFFIRMED IN PART, REVERSED IN PART AND REMANDED***

---

[6] Reimbursement claims, such as those for repayment of taxes advanced on behalf of Appellees are subject to the 10-year prescriptive period for personal obligations instead of the 5-year period for payment on promissory notes. La. C. C. art. 3499 and *Ryan v. Doucet*, 21-32 (La. App. 5 Cir. 8/25/21), 327 So. 3d 577.