# STATE OF LOUISIANA
# COURT OF APPEAL, THIRD CIRCUIT

# 10-1211


**DARREN DUGAS, ET AL**

**VERSUS**

**BAYOU TECHE WATER WORKS, ET AL**


************

APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF IBERIA, NO. 110321-H
HONORABLE LORI A. LANDRY, DISTRICT JUDGE

************

**JIMMIE C. PETERS**
**JUDGE**

************

Court composed of Sylvia R. Cooks, Jimmie C. Peters, and Marc T. Amy, Judges.


**REVERSED AND REMANDED.**


**Amy, J., concurs in the result and assigns reasons.**


**J. P. D'Albor**
**Haik, Minvielle & Grubbs**
**Post Office Box 11040**
**New Iberia, LA 70562-1040**
**(337) 365-5486**
**COUNSEL FOR PLAINTIFFS/APPELLANTS:**
 **Darren Dugas, et al.**

**Robert E. Kerrigan, Jr.**
**Joshua G. Keller**
**Deutsch, Kerrigan & Stiles, LLP**
**755 Magazine Street**
**New Orleans, LA 70130**
**(504) 581-5141**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **Bayou Teche Water Works, Inc.**

**Raymond Pajares**
**Ashley Carter**
**Pajares & Schexnaydre, LLC**
**68031 Capital Trace Row**
**Mandeville, LA 70471**
**(985) 292-2000**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **Bayou Teche Water Works, Inc.**

**Timothy G. Schafer**
**Rachel S. Kellogg**
**Schafer & Schafer**
**328 Lafayette Street**
**New Orleans, LA 70130**
**(504) 522-0011**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **American Alternative Insurance Co.**

PETERS, J.

The plaintiffs, Darren Dugas, Glenward Dugas, and Cheryl Dugas (sometimes hereinafter collectively referred to as "the Dugas plaintiffs"), brought suit against Bayou Teche Water Works, Inc. (Bayou Teche) and its insurer, American Alternative Insurance Company, seeking to recover damages they claim to have sustained as a result of Bayou Teche's injection of brine water into an irrigation canal in Iberia Parish. The trial court granted Bayou Teche's peremptory exception of prescription and dismissed the Dugas plaintiffs' demands against that defendant.[1] The Dugas plaintiffs appeal the trial court's judgment sustaining the exception. For the following reasons, we reverse the trial court's grant of the exception of prescription and remand the matter to the trial court for further proceedings consistent with this opinion.

## DISCUSSION OF THE RECORD

We must begin by noting that while the record on appeal is rather large, the evidentiary record on the issue before us is exceedingly slight. Thus, most of the background available for this court's review can only be found in the Dugas plaintiffs' August 7, 2007 petition for damages.

That petition states that Glenward and Cheryl Dugas own eighty-five acres of land along a irrigation coulee in Iberia Parish, that Glenward Dugas leases an adjoining seventy-six acre tract of land from Darren Dugas, and that both tracts are used for crawfish and rice farming. According to the specifics of the petition, the irrigation coulee is the source of irrigation water for the farming operations. The petition asserts that Bayou Teche operates a potable water treatment plant in Iberia

---

[1] Although American Alternative Insurance Company is named as a defendant in its capacity as the liability insurer of Bayou Teche, it did not join in the filing of the peremptory exception of prescription, and the judgment on the exception awards relief only to Bayou Teche. Thus, American Alternative Insurance Company is not a party to this appeal.

Parish and its continuous illegal discharge of brine into the irrigation coulee has caused damages to the farm operations as well as the land itself. In their petition, the Dugas plaintiffs assert that Bayou Teche negligently caused their damages by:

(a)     Failing to properly discharge its brine in accordance with the Louisiana Department of Quality rules and regulations;

(b)     Improperly introducing brine into a waterway in a manner that exceeded safe limits;

(c)     Failing to take steps to mitigate its brine discharge after being apprised of its harmful effects; and

(d)     All other acts and or omissions as will be shown at the trial of this matter.

The Dugas plaintiffs amended their original petition on April 30, 2010, asserting that they first became aware of Bayou Teche's "illegal discharge" in September of 2006, and that they notified Bayou Teche's Board of Directors of their complaints on October 5, 2006. They further asserted in their supplemental and amending petition that Bayou Teche continued its "illegal discharge" until November 1, 2007.

In its October 1, 2007 answer to the original petition, Bayou Teche denied all of the allegations of the Dugas plaintiffs' original petition except to acknowledge that it "is a corporation organized under the laws of the State of Louisiana," and that at all times, it had "complied with all statutes and regulations applicable to its operation." Thereafter, the pleadings become voluminous, but primarily from various deposition notices and other procedural pleadings.[2]

Bayou Teche filed the exception of prescription now at issue before this court on October 19, 2009, and the exception came for trial on August 27, 2010. At the trial on the exception, the only evidence offered and accepted by the trial court was

_____

[2]Other insurers have been named as third-party defendants by Bayou Teche, but the issues raised by the joining of those parties are not now before this court.

2

exhibits attached to a memorandum filed on behalf of Bayou Teche in support of its exception of prescription.[3] The memorandum with ten exhibits attached was filed with the exception of prescription. The ten exhibits address only Bayou Teche's affirmative defense that the Dugas plaintiffs' own negligence was the legal cause of their damages and can be described as follows:

> Exhibit 1 - Map of the general area in question.
> Exhibit 2 - Excerpts from a deposition of Glenward Joseph Dugas.
> Exhibit 3 - Excerpts from a deposition of Robert P. Romaire.
> Exhibit 4 - Copy of the Dugas plaintiffs' original petition.
> Exhibit 5 - Excerpts from a deposition of Kimberly B. Gardner.
> Exhibit 6 - Excerpts from a publication entitled *Fundamentals of Aquaculture*.
> Exhibit 7 - Excerpts from a publication entitled *Louisiana Crawfish Production Manual*.
> Exhibit 8 - Excerpts from a publication entitled *2009 Rice Varieties & Management Tips*.
> Exhibit 9 - Excerpts from a deposition of Thomas Hymel.
> Exhibit 10 - Excerpts from a deposition of Mark Shirley.

Bayou Teche's reply memorandum was filed on April 23, 2010, and contains no attachments.

While we do note that the above exhibits constitute the only evidence offered and accepted at the hearing, the record does contain a reference to an effort by counsel for the Dugas plaintiffs to file evidence into the record. In the exchange between counsel for the Dugas plaintiffs and the trial court, counsel suggested that he wanted "to make sure that we can introduce all the exhibits." He stated that he had not done so because the exhibits were extremely voluminous, but that he wished to retain the opportunity to provide them to the trial court through its clerk. After a discussion concerning ways to reduce the size of the exhibits, the trial court stated it

---

[3]At the trial on the exception, counsel for Bayou Teche stated that "[a]s an administrative matter, Your Honor, I'd like to offer, file and introduce all of the exhibits attached to our memorandum as well as our reply memorandum." The record before us contains the reply memorandum, but no exhibits are attached to that filing.

would leave the record open for counsel for the Dugas plaintiffs to submit the appropriate exhibits. Additionally, the trial court asked counsel exactly what exhibits would be offered and counsel suggested that they would include the depositions of Glenn Dugas and Ricky Frederick, a representative of Bayou Teche, and certain discovery responses from Bayou Teche. The record contains nothing to suggest that these exhibits were subsequently filed.

The trial court took the matter under advisement and, on June 22, 2010, issued written reasons for judgment explaining why it sustained the exception of prescription. On that same day, the trial court executed a judgment granting the exception of prescription and dismissing the Dugas plaintiffs' claims against Bayou Teche. The Dugas plaintiffs timely appealed this judgment.

**OPINION**

The peremptory exception of prescription is provided for in La.Code Civ.P. art. 927(A)(1). When the exception of prescription is tried before the trial on the merits, "evidence may be introduced to support or controvert [the exception] when the grounds thereof do not appear from the petition." La.Code Civ.P. art. 931.

> When an exception of prescription is filed, ordinarily, the burden of proof is on the party pleading prescription. *Lima v. Schmidt*, 595 So.2d 624, 628 (La.1992). However, if prescription is evident on the face of the pleadings, as it is in the instant case, the burden shifts to the plaintiff to show the action has not prescribed. *Id.*; *Younger v. Marshall Ind., Inc.*, 618 So.2d 866, 869 (La.1993); *Williams v. Sewerage & Water Bd. of New Orleans*, 611 So.2d 1383 (La.1993).

*Eastin v. Entergy Corp.*, 03-1030, p. 5 (La. 2/6/04), 865 So.2d 49, 54.

If evidence is introduced, the trial court's findings of fact are then subject to a manifest error analysis. *London Towne Condo. Homeowner's Ass'n v. London Towne Co.*, 06-401 (La. 10/17/06), 939 So.2d 1227. If no evidence is introduced, then the

4

reviewing court simply determines whether the trial court's finding was legally correct. *Dauzart v. Fin. Indem. Ins. Co.*, 10-28 (La.App. 3 Cir. 6/2/10), 39 So.3d 802.

In concluding that the Dugas plaintiffs' claims had prescribed, the trial court relied on La.R.S. 9:5624, which provides that "[w]hen private property is damaged for public purposes any and all actions for such damages are prescribed by the prescription of two years, which shall begin to run after the completion and acceptance of the public works." In reaching this conclusion, the trial court made factual findings which are not supported by the evidentiary record now before us. The trial court described Bayou Teche's corporate structure, beginnings, purpose, and operating history; asserted that the waterway at issue traverses at least forty individual tracts of land; asserted a property ownership history of the Dugas plaintiffs' properties; and asserted facts associated with the damage claims not in the evidentiary record.[4] To the extent that these factual findings are manifestly erroneous, we must set them aside and review only the existing evidentiary record to see if Bayou Teche carried its burden of proof.

In identifying the issues raised by their single assignment of error that the trial court erred in granting the exception of prescription pursuant to La.R.S. 9:5624, the Dugas plaintiffs assert that the evidentiary record contains nothing to establish that Bayou Teche is a legal entity covered by the statute; and that even if Bayou Teche could be considered as covered by the statute, nothing in the evidentiary record establishes an "acceptance of a 'public works' project" or that the damages sustained were incurred for a "public purpose" or as a "necessary consequence" of the public

_____

[4]These facts may well be buried in the numerous other filings found in this voluminous record, but they do not appear as evidence in the trial on the exception.

5

work.  Thus, they argue, the trial court erred in concluding that their claims against Bayou Teche prescribed pursuant to La.R.S. 9:5624.  We agree.

As previously stated, the only evidence introduced at the hearing on the exception addressed Bayou Teche's affirmative defense relating to the Dugas plaintiffs' own negligence in causing their damages.  In its answer to the Dugas plaintiffs' petition, Bayou Teche identified itself as nothing more than "a corporation organized under the laws of the State of Louisiana," and denied all other allegations of the petition.  Even the argument presented at the hearing on the exception of prescription did not address the particulars of the statute and how Bayou Teche may have met those particulars.  Simply put, Bayou Teche failed in its evidentiary burden.

## DISPOSITION

For the foregoing reasons, we reverse the trial court's grant of an exception of prescription in favor of Bayou Teche Water Works, Inc. and remand the matter to the trial court for further proceedings.  We assess all costs of this appeal to Bayou Teche Water Works, Inc.

**REVERSED AND REMANDED.**

6

NUMBER 10-1211

COURT OF APPEAL, THIRD CIRCUIT

STATE OF LOUISIANA

DARREN DUGAS, ET AL

VERSUS

BAYOU TECHE WATER WORKS, ET AL

AMY, J., concurring in the result.

I also find a reversal and remand appropriate. Like the lead opinion, I find that the evidence introduced into the record was insufficient for the necessary factual finding regarding La.R.S. 9:5624.

However, I disagree that Bayou Teche's exhibits constituted the totality of the evidence available for the trial court's review. Instead, I find that the plaintiffs sufficiently introduced the exhibits attached to its memorandum in opposition into the record. The transcript reveals that, when the plaintiffs' attorney suggested that it could supplement its previously filed exhibits, some of which were excerpts of larger documents, discussion ensued regarding limiting the submission to pertinent documents. The trial court noted that it would leave the record open for that purpose, stating:

> THE COURT:
> We will leave the record open for you to attach. And what are you going to attach, so that we will know, so the record's not just open for everything. Because technically, it's supposed to be done in court today, because otherwise the Court has no idea what comes into the record and it may be inappropriate. So tell me what is coming in.
>
> MR. D'ALBOR [Counsel for the plaintiffs]:
> Only the deposition of Mr. Glenn Dugas, the deposition of Bayou Teche Water Works, along with the exhibits attached to our brief. I believe the discovery responses of Bayou Teche - -
>
> THE COURT:
> Exhibit #1 - -

MR. D'ALBOR:

Yes, Your Honor.

THE COURT:

- - the excerpts, Rick[]y Frederick, exhibit #2, answers and responses, the plaintiff's interrogatories [and] request for production. Let's see. Okay. Exhibit #4, Mr. Dugas' excerpts from - - or just the cover sheet from it.

MR. D'ALBOR:

Yes, Your Honor.

THE COURT:

So that's I have exhibit #114 [sic], deposition of Bayou Teche Water Works through its authorized representative, Rick[]y Frederick.

MR. D'ALBOR:

Yes, Your Honor.

THE COURT:

I have that. That's going to be twenty-two pages attached to mine, under exhibit #2, the answers and responses to plaintiff's interrogatories and request for production of documents. And that was certified by Mr. Pitman, Lewis Pitman, on November 19th, 2009 by Mr. Rick[]y Frederick. These are the exhibits you're making reference to?

MR. D'ALBOR:

Yes, Your Honor.

THE COURT:

Okay. And the exhibit #3, which was in fact the petition for damages filed in this case with a verification. Two verifications. One from Mr. Dugas and one from Mrs. Dugas and the request of notice by Mr. Dalton in exhibit #4. The only thing that should be coming into the record is Mr. Dugas' deposition that was taken May 7th, '08 and the continuing of the deposition April 27th, '08.

MR. D'ALBOR:

Yes, Your Honor. And, Your Honor, if the Court - - it's my understanding, and I understand where the Court's leaning, wants to take this matter under advisement and take some more time, and maybe have the opportunity to file a very short supplemental - -

THE COURT:

Oh, no. No more briefs.

MR. D'ALBOR:

Okay.

2

THE COURT:

I'm doing it as a courtesy, guys. I don't need any more briefs. And that's a good thing. It is well briefed. I understand fully what the issues are and what the case law has said. Out of a courtesy to a young lawyer coming at the heels, of working behind other people, I will reread the cases that I think are the crux, but I don't need any more briefs.

MR. D'ALBOR:

I understand, Your Honor.

THE COURT:

And the record is going to be left open for - - Do you have those depositions? Well, for the depositions for the enlargement of exhibit #4 only. Well, the others - - you didn't file with. **Yes, you filed exhibit #1 through #3.**

MR. D'ALBOR:

Yes, Your Honor, we just as soon file a complete copy because of the voluminous - -

THE COURT:

- - so the record is going to be - -

MR. D'ALBOR:

- - copy.

THE COURT:

- - open until close of business tomorrow to enlarge exhibit #4 which is the deposition of Mr. Dugas.
If you want to do the whole thing, that is your business.

MR. D'ALBOR:

I understand.

THE COURT:

It costs and I would say no, just get to the pertinent parts that you made reference to. If you think every word is pertinent then put it there.

MR. D'ALBOR:

I understand. Thank you, Your Honor.

(Emphasis added.) I consider this passage to indicate that, even though the plaintiffs

and the trial court anticipated that one of the exhibits would be supplemented,

exhibits 1-3 and exhibit 4, which contained only the excerpt from Mr. Dugas'

deposition, were introduced. All four exhibits appear in the record. In my opinion,

the trial court acknowledged the introduction of those exhibits and was able to do so as they had previously been filed into the record as attachments to the plaintiffs' memorandum.

I write separately to explain this because I believe that the record under review includes a broader evidentiary basis than is expressed in the lead opinion. Notwithstanding this different interpretation of the record before us, I agree that a reversal is required.