STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

14-857

PATRICK A. RICHMOND

VERSUS

JEAN E. McARTHUR

**********

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, DOCKET NO. 246,567
HONORABLE HARRY F. RANDOW, DISTRICT COURT JUDGE

**********

JAMES T. GENOVESE
JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, James T. Genovese, and David Kent Savoie, Judges.

**AFFIRMED.**

Thomas R. Willson
Post Office Drawer 1630
Alexandria, Louisiana  71309
(318) 442-8658
COUNSEL FOR PLAINTIFF/APPELLANT:
    Patrick A. Richmond


Brian K. Thompson
Law Offices of Brian K. Thompson, APLC
2915 Jackson Street
Post Office Box 13984
Alexandria, Louisiana  71301
(318) 473-0052
COUNSEL FOR DEFENDANT/APPELLEE:
    Jean E. McArthur

**GENOVESE, Judge.**

In this property case, Plaintiff, Patrick A. Richmond, appeals the trial court's judgment dismissing his possessory action[1] by granting an exception of prescription filed by Defendant, Jean E. McArthur. For the following reasons, we affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

The subject of this appeal is a tract of land consisting of approximately 5.855 acres in Section 13, Township 1 North, Range 3 West, Rapides Parish, Louisiana. On January 30, 2013, Mr. Richmond filed a Petition for Possession and Declaratory Judgment, asserting that he and his ancestors in title had possession of the subject property in excess of thirty years. In his petition, Mr. Richmond alleged that Jean E. McArthur disturbed his peaceable possession by "attempting to sell the subject property."

Ms. McArthur filed an Answer and Reconventional Demand on February 7, 2013. Therein, Ms. McArthur denied the allegations in Mr. Richmond's petition and, in turn, alleged that she acquired the subject property "by virtue of a Sheriff's Deed in the captioned matter *Barron A. McArthur v. Gary Love, et al.; Civil Docket # 231,687 "G"; 9th Judicial District Court for Rapides Parish*, [*Louisiana*], filed August 9, 2009[.]" Ms. McArthur asserted that Mr. Richmond "and/or his agents have trespassed upon [her] property . . . and effectively prevented her from marketing her property for prospective buyers who have made offers to

---

[1]Louisiana Code of Civil Procedure Article 3655 describes a possessory action as "one brought by the possessor of immovable property or of a real right therein to be maintained in his possession of the property or enjoyment of the right when he has been disturbed, or to be restored to the possession or enjoyment thereof when he has been evicted."

purchase[.]" Ms. McArthur sought damages from Mr. Richmond for "actions by [him] resulting in the delays and inability to market her property."

On February 14, 2014, Ms. McArthur filed Peremptory Exceptions of Prescription and No Right of Action, asserting that Mr. Richmond's possessory action had prescribed and that Mr. Richmond had no right of action "due to seizure of the premises by the Rapides Parish Sheriff through [a] court[-]ordered partition by licitation." Ms. McArthur asserted that Mr. Richmond's possessory action was prescribed since he filed it on January 30, 2013; yet, in his deposition, Mr. Richmond "admitted . . . that the initial disturbance of his alleged quiet and peaceable enjoyment occurred in 2009." Thus, Ms. McArthur submitted that Mr. Richmond's possessory action was prescribed pursuant to La.Code Civ.P. art. 3658.[2] Ms. McArthur offered into evidence the relevant portions of Mr. Richmond's deposition and the affidavit of her realtor and listing agent, Colt James, in support of her contention that Mr. Richmond's possessory action had prescribed.

---

[2]Louisiana Code of Civil Procedure Article 3658 (emphasis added) sets forth what a possessor must establish in order to prevail on a possessory action, as follows:

> To maintain the possessory action the possessor must allege and prove that:
>
> (1) He had possession of the immovable property or real right therein at the time the disturbance occurred;
>
> (2) He and his ancestors in title had such possession quietly and without interruption for more than a year immediately prior to the disturbance, unless evicted by force or fraud;
>
> (3) The disturbance was one in fact or in law, as defined in Article 3659; and
>
> **(4) The possessory action was instituted within one year of the disturbance.**

Relative to her exception of no right of action, Ms. McArthur asserted that Mr. Richmond had "no right of action to a possessory action based upon the actions taken in Civil Suit # 231,687 captioned *Barron A. McArthur v. Gary Love and Jean McArthur.*" In support of her contention that Mr. Richmond had no right of action, Ms. McArthur offered into evidence a copy of the relevant Sheriff's Deed.

On March 31, 2014, the matter was submitted for consideration to the trial court on briefs. The trial court ruled on April 10, 2104, granting Ms. McArthur's exception of prescription.[3] A judgment decreeing "that the possessory action filed on behalf of Patrick Richmond is prescribed and is hereby dismissed" was signed by the trial court on June 9, 2014. Mr. Richmond appeals.

## ASSIGNMENT OF ERROR

In his sole assignment of error, Mr. Richmond asserts: "The trial court committed error in granting the Exception of Prescription and dismissing the lawsuit."

## LAW AND DISCUSSION

Mr. Richmond asserts that the trial court legally erred in sustaining Ms. McArthur's exception of prescription. We disagree.

This court recently set forth the law relative to the peremptory exception of prescription and the appellate standard of review thereof in *Dugas v. Bayou Teche Water Works*, 10-1211, pp. 4-5 (La.App. 3 Cir. 4/6/11), 61 So.3d 826, 829-30:

> The peremptory exception of prescription is provided for in La.Code Civ. P. art. 927(A)(1). When the exception of prescription is tried before the trial on the merits, "evidence may be introduced to support or controvert [the exception] when the grounds thereof do not appear from the petition." La.Code Civ.P. art. 931.

---

[3]Ms. McArthur's exception of no right of action was rendered moot.

3

> When an exception of prescription is filed, ordinarily, the burden of proof is on the party pleading prescription. *Lima v. Schmidt*, 595 So.2d 624, 628 (La.1992). However, if prescription is evident on the face of the pleadings . . . the burden shifts to the plaintiff to show the action has not prescribed. *Id.*; *Younger v. Marshall Ind., Inc.*, 618 So.2d 866, 869 (La.1993); *Williams v. Sewerage & Water Bd. of New Orleans*, 611 So.2d 1383 (La.1993).

*Eastin v. Entergy Corp.*, 03-1030, p. 5 (La.2/6/04), 865 So.2d 49, 54.

> If evidence is introduced, the trial court's findings of fact are then subject to a manifest error analysis. *London Towne Condo. Homeowner's Ass'n v. London Towne Co.*, 06-401 (La.10/17/06), 939 So.2d 1227. If no evidence is introduced, then the reviewing court simply determines whether the trial court's finding was legally correct. *Dauzart v. Fin. Indent. Ins. Co.*, 10-28 (La.App. 3 Cir. 6/2/10), 39 So.3d 802.

At the hearing on the exceptions in the present case, evidence was introduced by the parties. Thus, contrary to Mr. Richmond's assertion that our review of the trial court's ruling is to determine whether its ruling was legally correct, our review of the trial court's ruling herein will be under the manifest error standard of review. The trial court made factual findings which are supported by the evidentiary record now before us.

In concluding that Mr. Richmond's possessory action had prescribed, the trial court relied on La.Code Civ.P. art. 3658(4), which requires a possessory action to be "instituted within one year of the disturbance." Mr. Richmond alleged in his petition that Ms. McArthur disturbed his peaceable possession by "attempting to sell the subject property." In his deposition taken on December 16, 2013, Mr. Richmond recalled noticing "For Sale" signs placed on the subject property at Ms. McArthur's direction "a couple of years ago" or "two and a half years ago." Ms. McArthur's realtor and listing agent, Colt James, corroborated the date of the disturbance in an affidavit wherein he attested that he listed the subject

property for sale on November 5, 2009, and he personally placed "For Sale" signs within thirty days thereof on the subject property.

The facts in evidence clearly support Ms. McArthur's position that Mr. Richmond's possessory action was not filed within one year of the disturbance as required by La.Code Civ.P. art. 3658(4). Hence, we find that the trial court's judgment was not manifestly erroneous.

**DECREE**

For the foregoing reasons, the judgment of the trial court is affirmed. Costs of this proceeding are assessed to Appellant, Patrick A. Richmond.

**AFFIRMED.**