# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 16-78


RONALD MILLARD IRBY

VERSUS

TONY MANCUSO, SHERIFF OF CALCASIEU PARISH, ET AL.


**********

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 2015-293
HONORABLE SHARON D. WILSON, DISTRICT JUDGE

**********

## MARC T. AMY
## JUDGE

**********

Court composed of Sylvia R. Cooks, John D. Saunders, and Marc T. Amy, Judges.


**AFFIRMED.**


Robert C. McCorquodale
In-House Counsel
Calcasieu Parish Sheriff's Office
Post Office Box 2185
Lake Charles, LA   70602
(337) 491-3622
COUNSEL FOR DEFENDANTS/APPELLEES:
    Tony Mancuso, Sheriff of Calcasieu Parish
    Nurse Practitioner Carol Thorton

Ronald Millard Irby
Avoyelles Correctional Center, C2-D1
1630 Prison Road
Cottonport, LA   71327-4055
IN PROPER PERSON

**AMY, Judge.**

The plaintiff filed suit against the correctional center where he was formerly incarcerated; the parish sheriff; a nurse practitioner who treated him at the correctional center; and the parish's insurer. The plaintiff asserted claims for both medical malpractice and negligent supervision. The defendants filed an exception of prescription and, after a hearing, the trial court granted the exception and dismissed the plaintiff's claims. The plaintiff appeals. For the following reasons, we affirm.

## Factual and Procedural Background

The record indicates that, on January 21, 2015, the plaintiff, Ronald Millard Irby, filed suit against the Calcasieu Parish Correctional Center; Tony Mancuso, the Sheriff of Calcasieu Parish; Carol Thornton, a nurse practitioner; and their unnamed insurance company. Therein, Mr. Irby alleges that he was denied adequate medical treatment by Ms. Thornton, and that Sheriff Mancuso was vicariously liable for Ms. Thornton's alleged negligence. The record indicates that Mr. Irby's allegations are that Ms. Thornton failed to treat an ear infection with the appropriate medication, ultimately causing permanent damage to his ear.

The defendants filed an exception of prescription, contending that Mr. Irby was transferred from the custody of the Calcasieu Parish Correctional Center to Elayn Hunt Correctional Center on August 26, 2013. The defendants argued that Mr. Irby's cause of action could have arisen no later than that date and, because Mr. Irby had filed suit more than one year from the date of his transfer, his suit had prescribed on its face.

At the hearing, Mr. Irby argued that he had an ear infection that started in July 2011 for which he was given an ear drop and, several months later, an

antibiotic. Mr. Irby argued that in January 2012, another nurse practitioner informed him that his eardrum had ruptured. According to Mr. Irby, he saw a physician in April 2012 and was placed on a different ear drop that resolved the infection. However, Mr. Irby asserted that he did not learn that his hearing damage was the result of allegedly substandard medical treatment until a different physician told him that severe infection caused the damage in August 2014. Therefore, he argued that he had filed his cause of action within one year of learning about the alleged malpractice and within three years of the alleged malpractice.

The trial court found that Mr. Irby was placed on notice in April 2012 that there was an error in treatment or diagnosis, and that his suit was therefore prescribed. Accordingly, the trial court granted the exception of prescription and dismissed Mr. Irby's claims with prejudice.

Mr. Irby appeals, asserting that the trial court erred in granting the exception of prescription.

## Discussion

"Liberative prescription is a mode of barring of actions as a result of inaction for a period of time." La.Civ.Code art. 3447. The fundamental purpose of prescription statutes is to provide economic and psychological security to a defendant as well as to protect a defendant from stale claims and the loss of relevant evidence. *Duckworth v. Louisiana Farm Bureau Mut. Ins. Co.*, 11-2835 (La. 11/2/12), 125 So.3d 1057 (quoting *Cichirillo v. Avondale Indust., Inc.*, 04-2894, 04-2918 (La. 11/29/05), 917 So.2d 424).

The peremptory exception of prescription is provided for in La.Code Civ.P. art. 927. At the hearing on the exception, the party asserting the exception

2

generally bears the burden of proof unless prescription is evident on the face of the pleadings, in which case, the burden shifts to the plaintiff to show that his cause of action has not prescribed. *Carter v. Haygood*, 04-0646 (La. 1/19/05), 892 So.2d 1261. Further, pursuant to La.Civ.Code art. 931, "evidence may be introduced to support or controvert any of the objections pleaded, when the grounds thereof do not appear from the petition." When such evidence is introduced, the appellate court reviews the trial court's findings of fact pursuant to a manifest error standard of review. *Dugas v. Bayou Teche Water Works*, 10-1211 (La.App. 3 Cir. 4/6/11), 61 So.3d 826. However, if no evidence is introduced, "the reviewing court simply determines whether the trial court's finding was legally correct." *Id.* at 830.

The defendants assert that Mr. Irby's claim is a delictual action subject to the prescriptive period contained in La.Civ.Code art. 3492. That article states, in pertinent part, that "[d]elictual actions are subject to a liberative prescription of one year. This prescription commences to run from the day injury or damage is sustained." *Id*. The running of prescription may be suspended by application of the equitable doctrine of *contra non valentum*. *Carter*, 892 So.2d 1261. As reiterated in *Carter*, 892 So.2d at 1268, there are four instances where *contra non valentum* may be applied to prevent the running of prescription:

> (1) where there was some legal cause which prevented the courts or their officers from taking cognizance of or acting on the plaintiff's action; (2) where there was some condition coupled with the contract or connected with the proceedings which prevented the creditor from suing or acting; (3) where the debtor himself has done some act effectually to prevent the creditor from availing himself of his cause of action; and (4) where the cause of action is not known or reasonably knowable by the plaintiff, even though this ignorance is not induced by the defendant.

Mr. Irby contends that the prescriptive periods contained in La.R.S. 9:5628 should apply to his claims. That statute states, in relevant part, that:

A. No action for damages for injury or death against any physician, chiropractor, nurse, licensed midwife practitioner, dentist, psychologist, optometrist, hospital or nursing home duly licensed under the laws of this state, or community blood center or tissue bank as defined in R.S. 40:1231.1(A), whether based upon tort, or breach of contract, or otherwise, arising out of patient care shall be brought unless filed within one year from the date of the alleged act, omission, or neglect, or within one year from the date of discovery of the alleged act, omission, or neglect;  however, even as to claims filed within one year from the date of such discovery, in all events such claims shall be filed at the latest within a period of three years from the date of the alleged act, omission, or neglect.

. . . .

C. The provisions of this Section shall apply to all healthcare providers listed herein or defined in R.S. 40:1231.1 regardless of whether the healthcare provider avails itself of the protections and provisions of R.S. 40:1231.1 et seq., by fulfilling the requirements necessary to qualify as listed in R.S. 40:1231.2 and 1231.4.

*Id.*

Thus, La.R.S. 9:5628 contains a one year prescriptive period which corresponds with the one year prescriptive period for delictual actions contained in La.Civ.Code art. 3492, as well as a statutory embodiment of the "discovery" exception of the doctrine of *contra non valentum*. *Campo v. Correa*, 01-2707 (La. 6/21/02), 828 So.2d 502. Accordingly, in cases where the cause of action is not immediately apparent, the action prescribes one year from the date of discovery of the alleged act, omission, or neglect. *In re Medical Review Panel for Claim of Moses*, 00-2643 (La. 5/25/01), 788 So.2d 1173. Further, La.R.S. 9:5628 places an overall limitation period on medical malpractice claims, requiring that all such claims be brought within three years of the alleged act, omission, or neglect. *Id.*

With regard to the date of discovery, "[p]rescription commences when a plaintiff obtains actual or constructive knowledge of facts indicating to a reasonable person that he or she is the victim of a tort." *Campo*, 828 So.2d at 510.

4

"Constructive knowledge is whatever notice is enough to excite attention and put the injured party on guard and call for inquiry." *Id.* at 510-11. Mere notice of a wrongful act is insufficient to trigger the commencement of the prescriptive period. *Guitreau v. Kucharchuk*, 99-2570 (La. 5/16/00), 763 So.2d 575. In order to trigger the commencement of the prescriptive period, the plaintiff must be able to state a cause of action, i.e., assert both a wrongful act and resulting damages. *Id.* However, ignorance of the probable extent of the damages—as opposed to ignorance of actionable harm—will not delay commencement of the prescriptive period. *Id.*

Our review of the record reveals that Mr. Irby has filed claims for both medical malpractice and negligent supervision. Accordingly, the prescriptive period for delictual actions found in La.Civ.Code art. 3492 applies to his negligent supervision claim and the prescriptive period for medical malpractice actions contained in La.R.S. 9:5628 applies to his medical malpractice claims.

While Mr. Irby alleged in his petition that his incarceration at the Calcasieu Parish Correctional Center began on June 22, 2011, he did not allege a specific date for the defendants' alleged negligent conduct. The defendants attached to their exception documents indicating that Mr. Irby was transferred from the Calcasieu Parish Correctional Center on August 26, 2013. The defendants argued that the date of his transfer was the last date upon which the alleged negligent conduct could have occurred and that, because Mr. Irby's petition was filed on January 21, 2015, more than one year later, his petition had prescribed on its face.

At the hearing on the exception, Mr. Irby argued that he did not learn that he had permanent damage to his ear and that it was caused by a severe infection until August 2014, and that therefore, the one year prescriptive period did not

commence until that date. According to Mr. Irby's argument, he was treated for an ear infection beginning in July 2011. Mr. Irby complained that he visited the "medical department" several times, but was given a topical ear drop and antibiotics that did not resolve his infection. According to Mr. Irby's argument, he was seen by a different nurse practitioner in January 2012 and was informed that he had a ruptured ear drum. He asserted that in April 2012, he was seen by a physician who put him on a different ear drop and the infection resolved. Mr. Irby stated that he did not know whether the damage was permanent at that point or not. According to Mr. Irby, another physician told him in August 2014 that the damage was caused by a severe infection. Mr. Irby asserted that the same physician told him that the damage to his ear was permanent.

Having reviewed the record, we observe that the only date mentioned in Mr. Irby's petition is the date of his arrest, June 22, 2011. Mr. Irby's petition does not reference either the date upon which the alleged negligent conduct occurred or the date upon which Mr. Irby became aware of the alleged negligent conduct. Mr. Irby's petition was filed on January 21, 2015, more than three years after his June 22, 2011, arrest. Thus, Mr. Irby's action is prescribed on its face and the burden of proof shifted to him to show that prescription had not run. *See Patin v. State of Louisiana*, 11-290 (La.App. 3 Cir. 10/5/11), 74 So.3d 1234, *writ denied*, 11-2844 (La. 3/2/12), 84 So.3d 533.

However, although both parties attached documents to their briefs, our review of the transcript from the hearing on the exception and the court's minutes does not indicate that those documents were submitted into evidence. It is well-settled that appellate courts may not receive new evidence nor review evidence that is not in the record. *Shiver v. Lafayette City-Parish Consol. Gov't.*, 14-760

6

(La.App. 3 Cir. 12/10/14), 154 So.3d 789. Further, "[d]ocuments attached to memoranda do not constitute evidence and may not be considered on appeal." *Id.* at 791. Although the records attached to the defendants' brief purporting to document the date of Mr. Irby's transfer were discussed at the hearing on the exception, there is nothing in the transcript indicating that they were actually introduced into evidence. Further, while Mr. Irby attached a notarized "Statement of the Facts" to his opposition to the exception, that document was not introduced into evidence and, in any case, it does not indicate either the dates of his treatment or the date that he discovered that he had suffered damage as a result of the alleged negligent conduct.

Thus, although Mr. Irby submitted oral argument to the trial court, he submitted no evidence indicating either the date of the alleged act, omission, or neglect or the date that he became aware of any resulting damages. Without evidence of the timing of these two important events, we conclude that Mr. Irby failed to meet his burden of proving that his cause of action had not prescribed. *See Patin*, 74 So.3d 1234.

Even if this court were to consider the parties' submissions, including Mr. Irby's unsworn argument, we note that the trial court determined that prescription began to accrue in April 2012, when Mr. Irby learned that he had damages as a result of his allegedly negligent treatment. The trial court's findings of fact are reviewed pursuant to a manifest error standard of review, *Dugas*, 61 So.3d 826, and our review of the record does not indicate that such a finding is manifestly erroneous. Thus, the trial court's grant of the exception would still be legally correct as the prescriptive period would have expired before Mr. Irby filed his suit

in January 2015. Accordingly, the trial court committed no error in granting the defendants' exception of prescription.

This assignment of error is without merit.

## DECREE

For the foregoing reasons, the trial court's grant of the exception of prescription in favor of the appellees, Tony Mancuso, Sheriff of Calcasieu Parish; Carol Thornton, and the Calcasieu Parish Correctional Center, is affirmed. All costs of this appeal are assessed to the appellant, Ronald Millard Irby.

**AFFIRMED.**