**STATE OF LOUISIANA**
**COURT OF APPEAL, THIRD CIRCUIT**

**21-196**


**HEBERT'S HOLDINGS, L.L.C.**

**VERSUS**

**STATE FARM FIRE AND CASUALTY COMPANY**


\*\*\*\*\*\*\*\*\*\*


APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 2019-7831
HONORABLE EDWARD D. RUBIN, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**CHARLES G. FITZGERALD**
**JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of Sylvia R. Cooks, Chief Judge, Jonathan W. Perry and Charles G. Fitzgerald, Judges.



**AFFIRMED.**

**R. Scott Iles**
**Post Office Box 3385**
**Lafayette, Louisiana 70502**
**(337) 234-8800**
**Counsel for Plaintiff/Appellant:**
**Hebert's Holdings, L.L.C.**

**Katherine Paine Martin**
**Gretchen Heider Mayard**
**Post Office Box 81338**
**Lafayette, Louisiana 70598-1338**
**(337) 291-2440**
**Counsel for Defendant/Appellee:**
**State Farm Fire and Casualty Company**

**FITZGERALD, Judge.**

The issue on appeal is whether the trial court erred in sustaining the general liability insurer's exception of prescription.

## FACTS AND PROCEDURAL HISTORY

Plaintiff, Hebert's Holdings, L.L.C., owns a commercial office building in Lafayette, Louisiana. The building was insured by a general liability policy issued by Defendant, State Farm Fire and Casualty Company.

On August 8, 2017, a thunderstorm producing wind and hail allegedly caused damage to the roof. Glenn Hebert, who is the president of Hebert's Holdings, submitted a claim to State Farm in the amount $18,755. This amount represented the cost to replace the roof. Several months later, State Farm denied the claim, explaining that the damage resulted from ordinary "wear and tear" rather than the storm. State Farm also explained that the roof shingles were defective.

In response, on December 18, 2019, Hebert's Holdings filed a petition for damages against State Farm for the replacement cost of the roof. The petition also claimed penalties and attorney fees pursuant to La.R.S. 22:1892 for State Farm's alleged failure to properly adjust the claim.

Nearly two months later, State Farm filed its answer. Then, in September 2020, State Farm filed a combined exception of prescription and motion for partial summary judgment. The exception of prescription was directed at the damages claim for roof replacement, whereas the motion for partial summary judgment sought the dismissal of the claim for penalties and attorney fees.

The hearing on prescription and summary judgment was held on November 9, 2020. From the bench, the trial court sustained the exception of prescription and granted the motion for partial summary judgment, thereby dismissing all claims of

Hebert's Holdings. The ruling was reduced to written judgment signed that same day. It is from this judgment that Hebert's Holdings appeals.

In its sole assignment of error, Hebert's Holdings asserts that the trial court erred in sustaining State Farm's exception of prescription. Since this assignment is limited to prescription, we will not address the trial court's grant of partial summary judgment.

## LAW AND ANALYSIS

"Generally, prescription statutes are strictly construed against prescription and in favor of the claim sought to be extinguished by it. The burden of proof on the prescription issue lies with the party asserting it unless the plaintiff's claim is barred on its face, in which case the burden shifts to the plaintiff." *Bailey v. Khoury*, 04-620, p. 9 (La. 1/20/05), 891 So.2d 1268, 1275 (citation omitted).

At the hearing on the exception of prescription, evidence may be introduced to support or to controvert the exception. La.Code Civ.P. art. 931. "If no evidence is introduced, the reviewing court simply determines whether the trial court's finding was legally correct." *Dugas v. Bayou Teche Water Works*, 10-1211, pp. 4-5 (La.App. 3 Cir. 4/6/11), 61 So.3d 826, 829-30. "In the absence of evidence, the exception of prescription must be decided on the facts alleged in the petition, which are accepted as true." *Denoux v. Vessel Mgmt. Servs., Inc.*, 07-2143, p. 6 (La. 5/21/08), 983 So.2d 84, 88.

Here, the record is clear that no evidence was introduced at the hearing on State Farm's exception of prescription. No witnesses were called to testify; no exhibits were admitted into evidence; no stipulations of fact were recited to the court; and the court did not take judicial notice of any adjudicative facts or legal matters.

While counsel for State Farm did attempt to make an evidentiary offering of the documents attached to its supporting memorandum, the transcript reflects that

2

the trial court was never afforded the opportunity to rule on the admissibility of these documents. There was no colloquy between the trial court and opposing counsel regarding this evidentiary offering. And there was no ruling by the trial court admitting the documents into evidence. Thus, the documents attached to State Farm's supporting memorandum were not properly and officially introduced into evidence for the exception of prescription.

"Evidence not properly and officially offered and introduced cannot be considered, even if it is physically placed in the record. Documents attached to memoranda do not constitute evidence and cannot be considered as such on appeal." *Denoux v. Vessel Mgmt. Servs., Inc.*, 07-2143, p. 6 (La. 5/21/08), 983 So.2d 84, 88.

And "[w]hile the legislature has provided special rules addressing documents which may be considered on motions for summary judgment without formal introduction into evidence, no such rules exist for exceptions of prescription." *Desi v. Thomas Jefferson Constr. Corp.*, 19-502, p. 4 (La.App. 5 Cir. 10/5/20), 304 So.3d 1068, 1072.

In the end, because no evidence was introduced at the hearing on State Farm's exception of prescription, the standard of our review is de novo; and in determining the appropriateness of the trial court's judgment, we will limit our review to the facts alleged by Hebert's Holdings in its petition, and the alleged facts will be accepted as true.

The petition was filed on December 18, 2019, and alleges that Hebert's Holdings owns the office building at issue; that State Farm insured the office building under a policy of general liability coverage, including structure coverage; and that the damage to the building (roof damage) occurred on August 8, 2017.

The prescription statute that is applicable to this type of claim is La.R.S. 22:1311, which provides a two-year prescriptive period commencing from the date

of loss. Thus, on the face of the petition, Hebert's Holdings filed its claim against State Farm more than two years after the date of loss. This means that the burden of proof on the prescription issue shifted to Hebert's Holdings to prove that its damages claim had not prescribed.

To this end, Hebert's Holdings argues that prescription was interrupted because its president, Glenn Hebert, filed a previous lawsuit against State Farm for the same damages. There are two problems with this argument.

First, no evidence of the previously filed suit was introduced at the hearing on the exception of prescription. This previous suit, according to the appellate briefs, was filed by Glenn Hebert in his personal capacity; and even though it was filed in the same district court as the case before us, the two suits were filed under completely different docket numbers. Because no documentation of the previous suit was admitted into evidence at the hearing on prescription, we are precluded from considering this argument on appeal.

But even if documentation of this earlier suit had been admitted into evidence, there is a second problem with this argument: it is legally unfounded. As noted above, the previous suit that Hebert's Holdings is referring to was filed by Glenn Hebert in his personal capacity. Mr. Hebert personally sued State Farm for (a) damages to his residence and (b) damages to the office building owned by Hebert's Holdings, L.L.C. Because Hebert's Holdings was not a plaintiff in that suit, State Farm filed an exception of no right of action as to the claim for office damages. The trial court sustained the exception, but then gave Mr. Hebert additional time to amend to add Hebert's Holdings as a plaintiff. No amendment was made, and the claim against State Farm for office damages was dismissed without prejudice in November 2019. Nearly one month later, the case now on appeal was filed in the district court by Hebert's Holdings.

4

Hebert's Holdings nevertheless contends that the filing of the previous suit by Mr. Hebert interrupted prescription from running against the suit now on appeal under La.Civ.Code art. 3462. We disagree.

Louisiana Civil Code Article 3462 (emphasis added) states as follows:

> Prescription is interrupted when the *owner commences action against the possessor*, or when the *obligee commences action against the obligor*, in a court of competent jurisdiction and venue. If action is commenced in an incompetent court, or in an improper venue, prescription is interrupted only as to a defendant served by process within the prescriptive period.

The case before us is not between an owner and possessor. Additionally, in the previous suit, Mr. Hebert commenced an action against State Farm; Mr. Hebert was the obligee, State Farm was the obligor, and the action involved a general homeowner's policy. By comparison, in the case now on appeal, Hebert's Holdings, L.L.C., commenced an action against State Farm; Hebert's Holdings is the obligee, State Farm is the obligor, and the action involves a commercial policy. Mr. Hebert and Hebert's Holdings are completely different "persons" (different obligees) under Louisiana law. *See* La.Civ.Code art. 24. And while it is true that a suit filed by one solidary obligee against the obligor interrupts prescription in favor of all solidary obligees, Mr. Hebert and Hebert's Holdings are not solidary obligees. In sum, the previous action filed by Mr. Hebert against State Farm could not have interrupted prescription from running against the suit now on appeal. Louisiana Civil Code Article 3462 is not applicable to these facts.

For the above reasons, the trial court did not err in sustaining State Farm's exception of prescription.

**DECREE**

We affirm the judgment of the trial court sustaining the exception of prescription filed by State Farm Fire and Casualty Company. All costs of this appeal are assessed against Hebert's Holdings, L.L.C.

**AFFIRMED.**