NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

22-679

WENDY CHAMPAGNE

VERSUS

BUDDY BILLEAUD, ET AL.

**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, 2017-5915
HONORABLE ROYALE L. COLBERT, DISTRICT JUDGE

**********

CHARLES G. FITZGERALD
JUDGE

**********

Court composed of Elizabeth A. Pickett, Sharon Darville Wilson, and Charles G. Fitzgerald, Judges.

AFFIRMED.

**Wendy Champagne**
**405-1 Fox Run Avenue**
**Lafayette, Louisiana 70508**
**Appellant, In Proper Person**


**Joseph H. Garbarino**
**3900 North Causeway Boulevard, Suite 1247**
**Metairie, Louisiana 70002**
**(504) 836-2785**
**Counsel for Appellee:**
    **Jed Thomas Dejean**

**FITZGERALD, Judge.**

The issue on appeal is whether the trial court erred in sustaining Jed Thomas Dejean's exception of prescription.

On October 14, 2016, Wendy Champagne was injured when a railing broke at her rental home causing her to fall from a balcony. Nearly one year later, on October 12, 2017, Wendy filed a petition for damages against Buddy Billeaud, Billeaud Capital Management, and Garden Properties LLC.

Six months later, in April 2018, Wendy amended her petition by adding a few more defendants, including Jed Thomas Dejean. Many years after that, Jed filed the peremptory exception of prescription. Ultimately, on August 1, 2022, the trial court signed a judgment in open court sustaining Jed's exception. This appeal by Wendy followed.

For the reasons below, we affirm the trial court's judgment.[1]

## LAW AND ANALYSIS

"Generally, prescription statutes are strictly construed against prescription and in favor of the claim sought to be extinguished by it. The burden of proof on the prescription issue lies with the party asserting it unless the plaintiff's claim is barred on its face, in which case the burden shifts to the plaintiff." *Bailey v. Khoury*, 04-620, p. 9 (La. 1/20/05), 891 So.2d 1268, 1275 (citation omitted).

At the hearing on the exception of prescription, evidence may be introduced to support or to controvert the exception. La.Code Civ.P. art. 931. "If no evidence is introduced, the reviewing court simply determines whether the trial court's finding

---

[1] The trial court's August 1, 2022 judgment also sustained Jed's exception of res judicata, and that portion of the judgment is also before us on appeal. However, because of our disposition on prescription, we pretermit any discussion of res judicata.

1

was legally correct." *Dugas v. Bayou Teche Water Works*, 10-1211, pp. 4-5 (La.App. 3 Cir. 4/6/11), 61 So.3d 826, 830. "In the absence of evidence, the exception of prescription must be decided on the facts alleged in the petition, which are accepted as true." *Denoux v. Vessel Mgmt. Servs., Inc.*, 07-2143, p. 6 (La. 5/21/08), 983 So.2d 84, 88.

Here, the record is clear that no evidence was introduced at the hearing on Jed's exception of prescription. Therefore, the standard of our review is de novo; and in determining the appropriateness of the trial court's judgment, we will limit our review to the facts alleged in Wendy's petitions, and the alleged facts will be accepted as true.

The prescription statute at issue in this case is La.Civ.Code art. 3492, which provides a one-year prescriptive period for delictual actions, and prescription commences to run from the date of injury.

Wendy's original petition alleges that her injuries were sustained on October 14, 2016. While her original petition was timely filed on October 12, 2017, her amended petition was filed on April 30, 2018, nearly nineteen months after the accident. Thus, on the face of the amended petition, Wendy's suit against Jed was filed more than one year after the accident, meaning that Wendy bears the burden of proving that her action has not prescribed.

To this end, Wendy argues on appeal that "Jed Thomas Dejean is a named defendant in the suit herein. The record reflects no dismissal of Defendant and therefore prescription was interrupted." We disagree. Standing alone, the above facts do not operate to interrupt prescription as to Wendy's claims against Jed. Admittedly, the outcome would be different if there was legal solidarity between Jed and the original defendants. *See* La.Civ.Code art. 1799 ("The interruption of

2

prescription against one solidary obligor is effective against all solidary obligors and their heirs."). But Wendy has not made this argument. And more importantly, Wendy's amended petition fails to allege any facts to support the conclusion that Jed and the original defendants are solidary obligors.

Wendy next argues that the conveyance instruments for the subject property were inaccurate and thus prejudiced her. While it appears that Wendy is alluding to contra non valentem, her argument is beyond the scope of our review for two reasons. First, Wendy did not introduce any evidence in support of this argument at the hearing on the exception. And second, her amended petition does not allege any of these facts.

In the end, Wendy's suit against Jed is prescribed on its face, and Wendy has failed to prove otherwise. The trial court correctly sustained Jed's peremptory exception of prescription.

## DISPOSITION

For the above reasons, the judgment of the trial court dismissing the claims of Wendy Champagne against Jed Thomas Dejean with prejudice is affirmed. All costs of this appeal are assessed to Wendy Champagne.

**AFFIRMED.**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION.
Uniform Rules—Courts of Appeal, Rule 2–16.3.