LABORDE, Judge.
Plaintiff, Elie Deculus, filed suit against his employer, Augenstein Construction Co., Inc. seeking worker’s compensation benefits. Augenstein filed a third party demand against Olin Corporation pursuant to LSA-R.S. 23:1101 seeking to recover all sums Augenstein may become obligated to pay Deculus as a result of Louisiana Workmen’s Compensation laws. Olin filed a peremptory exception of prescription which was sustained by the trial court thereby dismissing Augenstein’s claim against Olin. Augenstein appeals this adverse ruling. We affirm.
The sole issue presented is whether the trial court was correct in sustaining the peremptory exception filed by third party defendant, Olin.
The record shows that Deculus filed suit against Augenstein on January 6, 1978. Deculus alleges that beginning on October 11, 1973, he experienced numerous medical problems resulting from the inhalation of chemicals, gases and fumes emitted by the Olin Corporation plant. Deculus asserts that as a result of his medical problems he became totally and permanently disabled and was forced to terminate his employment with Augenstein on March 14, 1977. Augenstein, although denying liability for workmen’s compensation benefits, filed a third party demand on September 25, 1980, naming Olin as third party defendant. Au-genstein’s third party demand was based on the provisions of LSA-R.S. 23:1101 which reads as follows:
“When an injury or compensable sickness or disease for which compensation is payable under this Chapter has occurred under circumstances creating in some person (in this Section referred to as third person) other than those persons against whom the said employee’s rights and remedies are limited in Section 1032 of this Chapter, a legal liability to pay damages in respect thereto, the aforesaid employee or his dependents may claim compensation under this Chapter and the payment or award of compensation hereunder shall not affect the claim or right of action of the said employee or his dependents, relations, or personal representatives against such third person, nor be regarded as establishing a measure of damages for the claim; and such employee or his dependents, relations, or personal representatives may obtain damages from or proceed at law against such third person to recover damages for the injury, or compensable sickness or disease.
Any person having paid or having become obligated to pay compensation under the provisions of this Chapter may bring suit against such third person to recover any amount which he has paid or become obligated to pay as compensation to such employee or his dependents. Amended by Acts 1976, No. 147, § 2.”
Olin then filed the peremptory exception of prescription which was sustained by the trial court.
Olin contends that as a third party tort-feasor there is but one cause of action against them for injuries sustained by a compensated employee which may be instituted by the employee himself or by the employer for reimbursement of compensa *317 tion paid. Olin further contends that this cause of action must be brought against the third party tort-feasor within one year from the time the damage is inflicted. Since three and one-half years lapsed from the time of Deculus’ termination until the filing of the third party demand, Olin asserts that prescription bars Augenstein’s third party demand.
Augenstein contends that its claim under LSA-R.S. 23:1101 is one of indemnification and that prescription does not commence to run against its claim until it has been cast in judgment.
In Marquette Casualty Company v. Brown, 235 La. 245, 103 So.2d 269 (1958) the Louisiana Supreme Court was faced with a similar situation as the present ease. In Marquette, the employee was injured on July 15,1954. Marquette, the compensation insurer, filed suit on November 15, 1955, more than one year after the accident, and defendant pleaded the exception of prescription. The district court sustained the plea but the court of appeal reversed. The court of appeal reasoned that Marquette had at least one year from the time its liability for compensation became fixed to bring its action against the alleged tort-fea-sor for indemnification and that since Marquette did not know the full extent of its liability until November 21,1954, the action was timely since it was instituted within one year from that date.
The Supreme Court reversed holding that there is but one cause of action, ex delicto, for the recovery of damages resulting from a single tort. The Supreme Court stated:
“Since we conclude that there is but one cause of action against the tortfeasor for the injuries sustained by the employee, which may be instituted either by the employee himself or the employer for reimbursement of compensation paid, it follows that the action is governed by the prescription of one year set forth in Article 3536 of the Civil Code. This prescription, according to Article 3537, commences to run from the date on which the damage was inflicted by the defendant— in this case, the date of the accident. Hence, the failure of plaintiff to assert its claim within the one year period is fatal to its action.”
Since Marquette, the Supreme Court has held that for the purposes of prescription and LSA-R.S. 23:1101-03, there is only one principal cause of action. Allstate Ins. Co. v. Theriot, 376 So.2d 950 (La.1979); National Surety Corp. v. Standard Accident Ins. Co., 247 La. 905, 175 So.2d 263 (La.1965).
On the basis of these holdings we conclude that for the purposes of prescription and LSA-R.S. 23:1101-03 there is only one principal cause of action which may be asserted by the employer or the employee. Prescription begins to run on this action from the day the damage is inflicted by the tort-feasor. The failure of the employer or the employee to assert its claim within the one year prescriptive period provided by LSA-C.C. Article 3536 is fatal to their claim.
Augenstein’s third party demand was not filed until September 25, 1980. The latest date that one might interpret as being the date in which the damage was inflicted by Olin was March 14, 1977, the date of Decu-lus’ termination. Therefore, over three and one-half years lapsed before suit was filed by Augenstein against Olin. Deculus asserted no claim against Olin during this three and one-half year period that would interrupt prescription for the employer’s assertion of its rights. Hence, Augenstein’s right to assert a claim against the alleged third party tort-feasor, Olin, has prescribed.
For the foregoing reasons the judgment of the lower court sustaining Olin Corporation’s exception of prescription is affirmed. All costs are assessed to defendant/third party plaintiff, Augenstein Construction Company, Inc.
AFFIRMED.