# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 18-587 consolidated with 18-588

**MELVIN GUIDRY AND TRIEGE GUIDRY**

**VERSUS**

**ABC TRUCKING COMPANY, ET AL.**

**\*\*\*\*\*\*\*\*\*\***

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. C-20133898-A
HONORABLE JOHN DAMIAN TRAHAN, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***

## ULYSSES GENE THIBODEAUX
## CHIEF JUDGE

**\*\*\*\*\*\*\*\*\*\***

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Shannon J. Gremillion, and Van H. Kyzar, Judges.

**AFFIRMED**.

**Julius Willis Grubbs, Jr.**
**J. P. D'Albor**
**Haik, Minvielle & Grubbs**
**1017 E. Dale St.**
**New Iberia, LA 70560**
**Telephone: (337) 365-5486**
**COUNSEL FOR:**
 **Defendant/Appellee - Larsen Intermodal Services, Inc.**

**Dennis Ray Stevens**
**Gibbens & Stevens**
**222 W. St. Peter**
**New Iberia, LA 70560**
**Telephone: (337) 367-8451**
**COUNSEL FOR:**
 **Intervenors/Appellants - The Hartford Fire Insurance Company and Louisiana Scrap Metal Recycling**

**THIBODEAUX, Chief Judge.**

Melvin and Triege Guidry filed suit against Larsen Intermodal Services, Inc. ("Larsen") seeking damages for injuries Mr. Guidry sustained while loading/unloading metal products from a tractor/trailer truck. Because the injury was sustained in the course and scope of his employment, Mr. Guidry also filed a workers' compensation claim against his employer, Louisiana Scrap Metal Recycling (Louisiana Scrap). The Guidrys' suit against Larsen was subsequently dismissed on Larsen's exception of prescription.

Thereafter, Louisiana Scrap and its workers' compensation insurer, The Hartford Fire Insurance Company (Hartford), filed a petition of intervention, seeking to intervene in the Guidrys' dismissed suit and requesting reimbursement from Larsen for compensation paid to Mr. Guidry. At the same time, Louisiana Scrap/Hartford filed a separate suit directly against Larsen, likewise seeking reimbursement for compensation paid to Mr. Guidry. Larsen filed exceptions of prescription in both suits. In opposition, Louisiana Scrap/Hartford argued that, because Louisiana Scrap and Larsen are solidarily obligated to Mr. Guidry, Mr. Guidry's timely-filed workers' compensation claim against Louisiana Scrap interrupted prescription on Louisiana Scrap's/Hartford's suit against Larsen. After a hearing, the trial court granted the exceptions.

Louisiana Scrap/Hartford appealed the judgment, dismissing their intervention, in docket number 18-587, and the judgment, dismissing their separate suit, in docket number 18-588. Upon Larsen's motion, this court consolidated the two appeals.

Having reviewed the record, we find the trial court did not err in granting Larsen's exceptions of prescription or in its reliance upon this court's holding in *Deculus v. Augenstein Construction Co., Inc.*, 425 So.2d 315 (La.App. 3 Cir. 1982), *writ denied*, 430 So.2d 658 (La.1983). Accordingly, we affirm.

## I.

## ISSUE

Louisiana Scrap/Hartford raise a single issue for this court's consideration:

> Does a timely filed workers' compensation claim against [] an employer/insurer interrupt prescription as to the subsequent claim of the employer/insurer against the third party tortfeasor for the recovery of workers' compensation benefits paid to or on behalf of the employee[?]

We answer in the negative for the reasons that follow.

## II.

## FACTS AND PROCEDURAL HISTORY

On August 2, 2012, Mr. Guidry, while employed by Louisiana Scrap, was operating a forklift, transporting various metal products into the container portion of a tractor/trailer truck. The truck had been delivered to Louisiana Scrap by Larsen and was, at all pertinent times, in Larsen's possession and control. During the loading/unloading process, the container portion of the truck became disengaged from the ramp, allegedly due to a Larsen employee's failure to properly secure the ramp. The forklift then fell about a foot off the edge of the container, causing injuries to Mr. Guidry for which Louisiana Scrap was required to pay both indemnity and medical benefits in workers' compensation.

2

Mr. Guidry filed his disputed claim for workers' compensation against Louisiana Scrap in April 2013. The Guidrys then filed a third-party tortfeasor suit in this matter on August 2, 2013. In their petition, the Guidrys named two fictitious entities as defendants: (1) ABC Trucking Company (the owner or lessor of the tractor/trailer truck), and (2) XYZ insurance company (the insurer of ABC Trucking Company).

Because only fictitious entities were named as defendants, the original petition was not served on Larsen or any other entity. Almost three months later, on October 31, 2013, the Guidrys amended their petition, substituting Larsen for ABC Trucking Company. Service was requested on Larsen at that time but was not effected until December 4, 2013. Larsen then filed an exception of prescription, which was heard and granted on May 12, 2014. On that same date, the trial court executed a judgment, dismissing the Guidrys' suit, with prejudice.

The Guidrys fax filed their motion and order for devolutive appeal on July 15, 2014. However, the appeal was subsequently dismissed, by judgment signed on October 20, 2014, on the grounds of abandonment for failure to pay costs.

Meanwhile, on July 11, 2014, Louisiana Scrap/Hartford fax filed a petition for intervention in the previously dismissed suit, seeking reimbursement for compensation and medical benefits paid to and on behalf of Mr. Guidry in connection with the August 2, 2012 accident. That same day, Louisiana Scrap/Hartford fax filed a separate suit against Larsen, likewise seeking reimbursement for compensation and benefits paid to Mr. Guidry.

On January 25, 2018, Larsen filed exceptions of no cause of action and prescription, seeking dismissal of the intervention. It also filed exceptions of lis pendens, no cause of action, and prescription in the separate suit. All of the

exceptions were heard on March 26, 2018, at which time the trial court, relying on this court's holding in *Deculus*, 425 So.2d 315, sustained both exceptions of prescription and denied, as moot, the remaining exceptions. Judgments dismissing both actions were signed on April 9, 2018.[1]

III.

## STANDARD OF REVIEW

In *Allain v. Tripple B Holding, LLC*, 13-673, pp. 9-10 (La.App. 3 Cir. 12/11/13), 128 So.3d 1278, 1285, this court discussed the standard an appellate court applies in reviewing an exception of prescription:

> Prescription is a peremptory exception which is provided for in La.Code Civ.P. art. 927. Evidence in support or contravention of the exception may be introduced if the grounds are not apparent from the petition. La.Code Civ.P. art. 931. An appellate court reviews the exception under the manifest error standard of review if evidence is introduced in support or contravention of the exception. *Dugas v. Bayou Teche Water Works*, 10-1211 (La.App. 3 Cir. 4/6/11), 61 So.3d 826. If not, the appellate court "simply determines whether the trial court's finding was legally correct." *Id.* at 830. Generally, the burden of proof lies on the party pleading the exception of prescription. *Id.* However, if it is apparent from the face of the pleadings that prescription has occurred, the burden shifts to the plaintiff to show that the action has not prescribed. *Id.*

---

[1]Although Louisiana Scrap/Hartford appealed both judgments, they have failed to brief any issues related to the dismissal of their petition for intervention. Accordingly, pursuant to Uniform Rules—Courts of Appeal, Rule 2-12.4(B)(4), we "consider as abandoned any assignment of error or issue for review" related to their intervention. Further discussion of these issues is hereby pretermitted.

IV.

## LAW AND DISCUSSION

Our supreme court has long held that the cause of action at issue herein is subject to the one-year period of liberative prescription applicable to delictual actions, which commences to run from the date of injury:

> [The] cause of action against the tortfeasor for the injuries sustained by the employee, which may be instituted either by the employee himself or the employer for reimbursement of compensation paid, . . . is governed by the prescription of one year set forth in Article [3492] of the Civil Code. This prescription . . . commences to run from the date on which the damage was inflicted.

*Marquette Cas. Co. v. Brown*, 235 La. 245, 253-54, 103 So.2d 269, 272-73 (1958).

According to the petition, the accident giving rise to Mr. Guidry's injuries occurred on August 2, 2012. Significantly, Louisiana Scrap/Hartford did not file their petition against Larsen until July 15, 2014, almost two years later. As a result, it is apparent from the face of the petition that prescription has run. The burden then fell to Louisiana Scrap/Hartford to show that their action has not prescribed. To do so, Louisiana Scrap/Hartford attempted to prove that prescription was interrupted by Mr. Guidry's workers' compensation claim filed in April 2013.

In their argument to the trial court, as well as to this court, Louisiana Scrap/Hartford have asserted that Louisiana Scrap and Larsen are solidary obligors as to the injured employee, Mr. Guidry. Therefore, Mr. Guidry's timely-filed workers' compensation claim against Louisiana Scrap interrupted prescription as to Louisiana Scrap/Hartford's claim against Larsen for the recovery of workers' compensation benefits paid to or on behalf of Mr. Guidry. As authority, Louisiana Scrap/Hartford have relied exclusively on *Williams v. Sewerage & Water Board of New Orleans*, 611 So.2d 1383 (La.1993).

In *Williams*, an employee, while in the course and scope of his employment with the Sewerage and Water Board of New Orleans (S&WB), was fatally electrocuted when he touched a crane that came in contact with an overhead power line on September 2, 1986. His surviving widow and five major children filed suit against S&WB on August 31, 1987, seeking workers' compensation death benefits and tort damages. They also named as defendants the owner of the power line and "ABC Corporation," the manufacturer of the crane. But it was not until their third amended and supplemental petition, filed on August 26, 1988, that the plaintiffs properly named Little Giant as the crane's manufacturer. Little Giant then filed an exception of prescription, which the trial court denied.

Reviewing the appellate court's reversal of the trial court's denial of the exception, the supreme court held:

> This case presents the issue of whether an employer sued for recovery of worker's compensation is solidarily bound with a third party tort-feasor for the purpose of interrupting prescription. Because some elements of the damages recoverable from the employer and the tort-feasor are coextensive, we find that they are solidarily bound to that extent. Once prescription is interrupted based on this solidarity, the plaintiffs are free to assert whatever claims they have against the defendants. Thus, in this case, a suit timely filed against the employer for worker's compensation interrupted prescription as to the subsequent claim against the third party tort-feasor for damages.

*Id*. at 1384-85.

In the language recited above, the *Williams* court specifically held that the ***plaintiffs'*** timely-filed suit against an employer for workers' compensation interrupted prescription as to the ***plaintiffs'*** claim against a third-party tortfeasor. Louisiana Scrap/Hartford, however, seek to extend this holding to allow an ***employee's/plaintiff's*** timely-filed workers' compensation claim against his

6

employer/defendant to interrupt prescription as to the ***employer's/defendant's*** claim for reimbursement against the third-party tortfeasor. We, like the trial court, find that such an extension is not warranted and that Louisiana Scrap's/Hartford's reliance upon *Williams* is misplaced in light of the facts herein.

This is particularly sound given this court's decision in *Deculus*, 425 So.2d 315, wherein the court was asked to determine whether an employer's third-party demand against the alleged tortfeasor for reimbursement had prescribed. In that case, the employee, Deculus, filed suit on January 6, 1978, against his employer, Augenstein Construction Co., Inc. (Augenstein), for workers' compensation. Deculus alleged that he experienced numerous medical problems resulting from the inhalation of chemicals, gases, and fumes emitted by an Olin Corporation (Olin) plant, which rendered him totally and permanently disabled and ultimately forced him to terminate his employment on March 14, 1977. Over three years later, on September 25, 1980, the employer filed its third-party demand, naming Olin as a third-party defendant. In response, Olin filed an exception of prescription, which the trial court sustained. This court affirmed the trial court's judgment, reasoning:

> On the basis of these holdings we conclude that for the purposes of prescription and LSA-R.S. 23:1101-03 there is only one principal cause of action which may be asserted by the employer or the employee. Prescription begins to run on this action from the day the damage is inflicted by the tort-feasor. The failure of the employer or the employee to assert its claim within the one year prescriptive period provided by LSA-C.C. Article [3492] is fatal to their claim.
>
> Augenstein's third party demand was not filed until September 25, 1980. The latest date that one might interpret as being the date in which the damage was inflicted by Olin was March 14, 1977, the date of Deculus' termination. Therefore, over three and one-half years lapsed before suit was filed by Augenstein against Olin. Deculus asserted no claim against Olin during this three

> and one-half year period that would interrupt prescription for the employer's assertion of its rights. Hence, Augenstein's right to assert a claim against the alleged third party tort-feasor, Olin, has prescribed.

*Id*. at 317.

As the record shows, Louisiana Scrap/Hartford waited until almost two years after the August 2, 2012 accident to file their claim against Larsen. And, although the Guidrys did attempt to file suit against Larsen, their claim was dismissed on the basis of prescription. Consequently, the Guidrys' prescribed claim could no more interrupt prescription on Louisiana Scrap's/Hartford's assertion of their right for reimbursement against Larsen than it could interrupt prescription on the Guidrys' assertion of their own rights against Larsen. It follows, therefore, that because neither the employee nor the employer properly asserted a claim against Larsen within the one-year prescriptive period that would serve to interrupt prescription, Louisiana Scrap's/Hartford's right to assert their claim for reimbursement against Larsen has prescribed.

Based on this reasoning, we find the trial court properly dismissed Louisiana Scrap's/Hartford's separate suit against Larsen on the basis of prescription. Accordingly, we affirm the judgments of the trial court.

V.

**CONCLUSION**

For the foregoing reasons, the judgments of the trial court granting Larsen's exceptions of prescription are affirmed.

Costs of this appeal are assessed to Intervenors/Appellants.

**AFFIRMED.**